[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13626
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 7, 2012
JOHN LEY
CLERK

Agency No. A095-903-513

AURELIO GOMEZ-BETANCUR,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 7, 2012)

Before MARCUS, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Aurelio Gomez-Betancur, a native and citizen of Colombia, seeks review of the Board of Immigration Appeals' (BIA) final order affirming the Immigration Judge's (IJ) denial of his application for asylum.[1] He argues the BIA and IJ erred by determining he did not have a well-founded fear of future persecution and could reasonably relocate within Colombia. After review, we deny Gomez-Betancur's petition.[2]

The IJ concluded Gomez-Betancur was a member of a particular social group, namely, landowning cattle ranchers. However, the IJ and the BIA determined he did not have a well-founded fear of persecution by the National Liberation Army (ELN) on account of this status. On appeal, Gomez-Betancur contends this determination was error because he has an objective basis for a well-

---

[1] Because Gomez-Betancur failed to raise his withholding of removal and CAT claims before the BIA, we lack jurisdiction to consider them. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1249-50 (11th Cir. 2006). Moreover, he has also abandoned them on appeal by failing to mention either issue in his initial brief. *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1145 (11th Cir. 2010). Thus, we consider only his asylum claim.

[2] Where the BIA "affirmed and relied upon the IJ's decision and reasoning," we review the IJ's opinion "to the extent that the BIA found that the IJ's reasons were supported by the record." *Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1275 (11th Cir. 2009). We review the IJ's and the BIA's factual determinations under the substantial evidence test. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005). "[T]o conclude the BIA's decision should be reversed, we must find that the record not only supports the conclusion, but compels it." *Ruiz v. Gonzalez*, 479 F.3d 762, 765 (11th Cir. 2007) (quotations omitted).

founded fear of future persecution on account of his status as a landowning cattle rancher.[3]

An alien who cannot demonstrate past persecution may establish a well-founded fear of future persecution by proving "(1) a 'subjectively genuine and objectively reasonable' fear of persecution that is (2) on account of a protected ground." *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1236 (11th Cir. 2006) (citation omitted). An alien's credible testimony generally establishes that his fear is "genuine." *De Santamaria v. U.S. Att'y Gen.*, 525 F.3d 999, 1007 (11th Cir. 2008). An asylum petitioner must also establish a nexus between the feared persecution and the protected ground by presenting "specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of" the statutorily listed factor. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005).[4]

The BIA and IJ did not err in determining that Gomez-Betancur was ineligible for asylum. While his fear was presumed genuine because the IJ

---

[3] Gomez-Betancur does not challenge the BIA's and IJ's conclusion that he did not suffer past persecution.

[4] The asylum applicant need not show he will be singled out if he establishes a "pattern or practice" of persecuting similarly situated people in his country, and has a reasonable fear of persecution based on inclusion in that group. 8 C.F.R. § 208.13(b)(2)(iii). Gomez-Betancur does not raise this issue before the BIA, nor did he raise it on appeal to this Court.

3

determined that he testified credibly, *De Santamaria*, 525 F.3d at 1007, substantial evidence supported the BIA's and IJ's conclusion that there was no indication the ELN could currently identify him or would seek him out.  The calls from the ELN stopped in 2007, two years before the hearings.  Moreover, his wife, daughters, parents, and brothers  had safely remained in the same area of Colombia, and to his knowledge, none faced any harm.  These factors demonstrate that Gomez-Betancur's fear was not objectively reasonable, and the record does not compel reversal of the IJ's and BIA's finding that he failed to establish a well-founded fear of future persecution.  *Silva*, 448 F.3d at 1236.  Accordingly, we need not address whether relocation was a reasonable option for Gomez-Betancur.

**PETITION DENIED.**