[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13667
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 8, 2012
JOHN LEY
CLERK

Agency No. A089-101-619


XI LIN,

                                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                    Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 8, 2012)

Before TJOFLAT, EDMONDSON and MARCUS, Circuit Judges.

PER CURIAM:

Xi Lin, a native and citizen of China, appeals the Board of Immigration Appeals's ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), based on a finding that he did not establish a nexus between his alleged political opinion and possible persecution by Chinese officials. Lin argues that: (1) substantial evidence does not support the BIA's determination that Lin did not establish that nexus; and (2) he established grounds for asylum and withholding of removal based on his membership in a particular social group of those who have actively vocalized opposition to China's use of eminent domain without compensation or due process. After careful review, we deny the petition.[1]

We review the BIA's decision, except to the extent that the BIA expressly adopted the IJ's decision, in which case both are reviewed. See Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1350 (11th Cir. 2009). Here, while the BIA issued its own decision regarding Lin's failure to establish a nexus between his alleged harm

---

[1] Moreover, because Lin has not raised on appeal any argument regarding the BIA's denial of his CAT claim, that issue has been abandoned. See Lapaix v. United States Att'y Gen., 605 F.3d 1138, 1145 (11th Cir. 2010).

and a statutorily protected ground, it expressly agreed with several findings of the IJ to reach that conclusion. Accordingly, we review both decisions.

We review legal issues decided by the BIA and IJ de novo, and we review factual determinations under the substantial-evidence test. Id. Under the substantial-evidence test, we affirm factual determinations if they are supported by reasonable, substantial, and probative evidence, considering the record as a whole. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). We view the record in the light most favorable to, and draw all reasonable inferences in favor of, the agency's decision. Id. Findings of fact made by the BIA may only be reversed if the record compels it, and the mere fact that the record may support a contrary conclusion is not enough. Id. We generally review an exercise of administrative discretion by the BIA to determine only whether the BIA's action was arbitrary and capricious. See Lapaix, 605 F.3d at 1144-45. When a petitioner fails to raise a claim before the IJ, the BIA generally declines to consider it for the first time on appeal. See In re J-Y-C-, 24 I. & N. Dec. 260, 261 n.1 (BIA 2007).

An applicant for asylum must meet the INA's definition of a refugee. 8 U.S.C. § 1158(b)(1). The definition of "refugee" includes:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of

persecution or a well-founded fear of persecution on account of . . . membership in a particular social group, or political opinion . . . .

8 U.S.C. § 1101(a)(42)(A). In order to establish asylum eligibility, an applicant must establish, with specific and credible evidence, either (1) past persecution on account of a statutory ground, or (2) a well-founded fear of future persecution because of a statutory ground. Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1257 (11th Cir. 2006).

An applicant must show a causal connection between the protected ground and the alleged persecution. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005). An applicant shows that nexus by presenting specific, detailed facts demonstrating a good reason to fear that he will be singled out for persecution on such ground. Id. Alternatively, an applicant may show a "pattern or practice" in the subject country of persecuting a group of persons similarly situated to him on account of a protected ground. 8 C.F.R. § 208.13(b)(2)(iii). A statutorily protected ground need not be the only motivation for the persecution. Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1232 (11th Cir. 2007). However, under the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005) (the "REAL ID Act"), an applicant must demonstrate that a protected ground was, or will be, at least one central reason for the persecution. 8 U.S.C. § 1158(b)(1)(B)(i) (as amended by the REAL ID Act § 101(a)(3)).

An alien seeking withholding of removal under the INA must show that his life or freedom would more likely than not be threatened in the country of his nationality because of his membership in a particular social group or his political opinion. 8 U.S.C. § 1231(b)(3)(A); Ruiz, 440 F.3d at 1257. An applicant who cannot prove eligibility for asylum usually cannot prove eligibility for withholding of removal because the "more likely than not" standard for withholding is more stringent than the "well-founded fear" standard for asylum relief. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 819 (11th Cir. 2004).

Here, substantial evidence supports the BIA's conclusion that Lin did not establish a nexus between a protected ground and the alleged persecution by Chinese government officials. As the record reflects, he presented no evidence that his actual or imputed political opinion motivated the local government officials to target him or his family, as required by statute to qualify for asylum. 8 U.S.C. § 1158(b)(1)(B)(i). Lin did not present any evidence that he engaged in political activity, or joined a political organization, in opposition to the Chinese government's exercise of eminent domain without due process. Lin's opposition to the seizure of his family's house stemmed more from an opposition to the loss of the family home, and the physical attack on his father, rather than general political opposition to the government's seizure of houses without due process. According to Lin and his father,

the officials seized and demolished his house in order to complete an expansion of a roadway, not because they targeted Lin and his family for his political opinion.

Substantial evidence also supports the conclusion that the warrant for Lin's arrest issued due to the physical fight he had with the county officials, not due to his alleged political opposition to the government's seizure of houses without due process. This conclusion is bolstered by the fact that Lin exited China under inspection by Chinese customs officials, and in possession of a Chinese passport bearing his name and likeness. By Lin's own admission, the warrant was local and other Chinese officials were unaware of it outside of Lianjiang County. Furthermore, Lin's family remaining in China has not been targeted by the county officials since the seizure of the house. Thus, the record evidence does not compel the conclusion that Lin faced persecution on account of a political opinion.

Nor did the BIA err in denying Lin's claim for withholding of removal. Because he was unable to qualify for asylum, he did not satisfy the higher burden of proof necessary for withholding of removal. See D-Muhumed, 388 F.3d at 819.

Furthermore, the BIA did not act arbitrarily or capriciously when it declined to review Lin's claim that he belonged to a particular social group. As the record shows, he did not allege such a claim in his asylum application, nor did he argue such a claim before the IJ. Accordingly, we deny the petition.

**PETITION DENIED.**