[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13297
Non-Argument Calendar
_____

Agency No. A200-859-130

SHAMIL GUSEYNOVICH GAZIEV,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 8, 2014)

Before MARCUS, JORDAN and KRAVTICH, Circuit Judges.

PER CURIAM:

Shamil Guseynovich Gaziev, a Russian citizen of Avar ethnicity, seeks

review of the Board of Immigration Appeals's ("BIA") order denying his

application for asylum and withholding of removal under the Immigration and

Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment ("CAT"). The BIA concluded that Gaziev waived his CAT claim, and rejected his claim for asylum and withholding of removal, accepting the Immigration Judge's ("IJ") adverse credibility finding and determining that Gaziev failed to show persecution on account of a protected ground. On appeal, Gaziev argues that: (1) the adverse credibility determination was erroneous; (2) the IJ and BIA made errors concerning his documentary evidence; (3) he was entitled to asylum and withholding of removal; and (4) he was entitled to CAT relief. After careful review, we deny the petition in part, and dismiss it in part.

We review the BIA's decision, unless the BIA has expressly adopted the IJ's decision. Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir. 2007). Here, the BIA accepted and relied on parts of the IJ's decision and reasoning; we review those parts of the IJ's decision in addition to reviewing the BIA's decision in full.

We review the BIA and IJ's legal determinations de novo. D Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004). We review the BIA and IJ's fact determinations, including credibility determinations, for substantial evidence, which means we will affirm if the decision is supported by reasonable, substantial, and probative evidence on the record considered as a whole. Id. at 817-18. We

2

will reverse only if the evidence compels a reasonable fact-finder to find otherwise. Kueviakoe v. U.S. Att'y Gen., 567 F.3d 1301, 1304 (11th Cir. 2009).

First, we are unpersuaded by Gaziev's claim that the IJ and BIA erred in making an adverse credibility determination. Under the REAL ID Act of 2005, credibility determinations are based upon the totality of the circumstances, including: (1) the demeanor, candor, and responsiveness of the applicant; (2) the plausibility of the applicant's account; (3) the consistency between the applicant's written and oral statements; (4) the internal consistency of each statement; (5) the consistency of the applicant's statements with other record evidence, including country reports; and (6) any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim. See 8 U.S.C. § 1158(b)(1)(B)(iii); Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1233 (11th Cir. 2006). The BIA must offer specific, cogent reasons for an adverse credibility determination, and the applicant bears the burden of proving that the determination was not supported by specific, cogent reasons, or was not based upon substantial evidence. Chen, 463 F.3d at 1231. A petitioner's tenable explanations of the implausibility of his claim do not necessarily compel a reasonable fact finder to reverse the credibility determination. Id. at 1233.

Here, substantial evidence supports the adverse credibility determination. As the record shows, Gaziev presented conflicting accounts of a particular

3

incident, indicating in his asylum application that he and two other individuals were arrested, indicating in his asylum interview that he and three other individuals were arrested, and indicating at his hearing that he and two other individuals were arrested.  He was questioned about the inconsistencies, and each time, asserted that whatever he had said previously was incorrect and that his current statement was the correct account of the event.  Furthermore, he provided conflicting explanations for the inconsistencies -- first that his statement in his asylum application was a mistake in translation, and later that his statement at the asylum interview was an error.  Finally, although it is not necessary that the inconsistencies go to the "heart of the claim," in this case, they do relate to one of the more significant incidents alleged by Gaziev.  Thus, based on the inconsistencies in his different accounts, and his failure to provide a reasonable explanation for these discrepancies, substantial evidence supports the adverse credibility determination.  We deny Gaziev's petition in this respect.

We also reject Gaziev's claim that he was not given an opportunity to address missing documentation, and that the BIA erred in discounting his corroborating documents.  It is well settled that an asylum applicant has the burden of proving the "refugee" status that entitles him to be considered for asylum. Zheng v. U.S. Att'y Gen., 451 F.3d 1287, 1290 (11th Cir. 2006); 8 C.F.R. § 208.13(a).  An adverse credibility determination may be sufficient to deny relief

4

where there is no other evidence of persecution. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005). However, even if an IJ finds an applicant not credible, he must consider all evidence introduced by the applicant. Id. Generally, "[t]he weaker an applicant's testimony . . . the greater the need for corroborative evidence." Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005).

In this case, Gaziev's claim that he was not given the opportunity to address potentially missing documents is not supported by the record because the IJ discussed the lack of supporting documents, on the record and at length, noting specific issues related to Gaziev's submission of documents. Plus, Gaziev misconstrues the BIA's decision when he says that the BIA discounted medical documents and statements from law enforcement because they did not contain information about why Gaziev was beaten. Rather, the record shows that the BIA merely concluded that these documents could not be used to show that Gaziev was beaten due to his ethnicity. Gaziev had the burden to establish persecution based on his ethnicity, whether through the documents in question or through other evidence, and he failed to do so. We also deny Gaziev's petition in this respect.

Next, we are unconvinced by Gaziev's claim that he demonstrated a well-founded fear of persecution. To establish eligibility for asylum relief, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a well-founded fear that the statutorily listed

5

factor will cause future persecution. 8 C.F.R. § 208.13(b).  The applicant must demonstrate that one of the enumerated grounds "was or will be at least one central reason for persecuting" him or her.   8 U.S.C. § 1158(b)(1)(B)(i); see also Rodriguez Morales v. U.S. Att'y Gen., 488 F.3d 884, 890 (11th Cir. 2007) (holding that the applicant must establish a sufficient nexus between her political opinion or other protected ground and her alleged persecution).  Persecution is an extreme concept that requires more than a few isolated incidents of verbal harassment or intimidation.  Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005); see Ruiz, 440 F.3d at 1259 (indicating that a claim of well-founded fear of future persecution may be undermined when the alien has family living in the country without harm).  An alien who fails to establish a well-founded fear of future persecution necessarily fails to establish eligibility for withholding of removal. Mehmeti v. U.S. Att'y Gen., 572 F.3d 1196, 1200 (11th Cir. 2009).

Substantial evidence in this record supports the determination that Gaziev was not eligible for asylum and withholding of removal because he did not show a well-founded fear of future persecution.  As we've discussed above, the IJ and BIA did not err in making an adverse credibility determination.  Moreover, a 2010 Human Rights Report reported discrimination and some violence toward persons from Caucasus, but did not indicate that it rose to the level of persecution. Furthermore, another report indicated that Gaziev's ethnic group -- Avar -- was a

politically and economically powerful group that maintained certain advantages, an assessment that undermined Gaziev's contention that he had a well-founded fear of future persecution based on his Avar ethnicity. As for Gaziev's conclusory statement that his parents "were abused" in Russia, he did not provide evidence that they were persecuted or that they suffered harm. Indeed, the fact that his parents and siblings continued to live in Russia, and remained unharmed, undermined Gaziev's contention that he had a well-founded fear of future persecution. Thus, substantial evidence supports the determination that Gaziev failed to show a well-founded fear of future persecution, and he was not entitled to asylum or withholding of removal. We deny his petition in this respect.

Finally, we reject his claim for CAT relief. An applicant for withholding of removal under CAT must establish "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1239 (11th Cir. 2007) (quoting 8 C.F.R. § 208.16(c)(2)). We do not have jurisdiction to consider a claim that was not raised before the BIA. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006). Passing references to issues in a petitioner's brief to the BIA are insufficient to raise a claim for appeal. Lapaix v. Att'y Gen., 605 F.3d 1138, 1145 (11th Cir. 2010).

Gaziev failed to raise the issue of CAT relief in his appeal to the BIA, and therefore, we will not consider his claim.  We dismiss the petition in this respect.

**PETITION DENIED IN PART, DISMISSED IN PART.**