[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14775
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2011
JOHN LEY
CLERK

Agency No. A096-098-284


AUGUSTO RAMIREZ-MORENO,
MARTHA OLIVA SALAZAR-JIMENEZ,
STEPHANY RAMIREZ-SALAZAR,
NATHALIE RAMIREZ-SALAZAR,

                                        Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                        Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 17, 2011)

Before BARKETT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Augusto Ramirez-Moreno, his wife, and two children, all natives and citizens of Colombia, petition for review of the Board of Immigration Appeals's ("BIA") denial of their motion to reopen removal proceedings on the basis of changed country conditions.[1] On appeal, Ramirez-Moreno argues that his in-laws in Colombia detailed threats and harassment in affidavits that were submitted to the BIA with his motion to reopen removal proceedings. He maintains that his relatives are now being harmed by the National Liberation Army ("ELN") to punish him. He contends that harm to an applicant's family or friends can amount to persecution of the applicant and can provide a well-founded fear of persecution.

We review the denial of a motion to reopen an immigration petition for an abuse of discretion. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). Our review "is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." *Id.*

Motions to reopen removal proceedings are particularly disfavored, and:

there are at least three independent grounds upon which the BIA may deny a motion to reopen: 1) failure to establish a prima facie case; 2) failure to introduce evidence that was material and previously unavailable; and 3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of

---

[1]Ramirez-Moreno's wife and children were listed as derivative applicants on his application for asylum. For convenience, this opinion refers only to Ramirez-Moreno, but it is equally applicable to his wife and children.

discretion.

*Id.* (alterations omitted). An alien may generally file only one motion to reopen no later than 90 days after the final administrative decision ordering removal. *Id.* These time and numerical limitations, however, do not apply

> when (1) an alien files a motion to reopen that seeks asylum, withholding of removal, or relief under the Convention Against Torture; (2) the motion is predicated on changed country conditions; and (3) the changed conditions are material and could not have been discovered at the time of the removal proceedings.

*Id.* Proving that evidence is material is a "heavy burden" because an alien seeking to reopen removal proceedings on the basis of changed country conditions must demonstrate "that, if the proceedings were opened, the new evidence would likely change the result of the case." *Id.* at 1256-57. Upon review of the record and consideration of the parties' briefs, under this standard, we must deny his petition for review.

As a preliminary matter, we note that, in his initial brief, Ramirez-Moreno does not address the BIA's denial of his motion for a stay of removal or denial of relief under the United Nations Convention Against Torture. Accordingly, Ramirez-Moreno has abandoned any challenge to the BIA's decision on those issues. *See Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1173 (11th Cir. 2008) (stating that "when an appellant fails to offer argument on an issue, that issue is

3

abandoned" (quotation and alteration omitted)).

Similarly, Ramirez-Moreno does not specifically contend that the BIA erred in concluding that he failed to establish changed country conditions in Colombia. Instead, he contends that he has presented evidence that the ELN is threatening his family members, and such evidence is material to demonstrate persecution and a well-founded fear of persecution. Ramirez-Moreno's brief is insufficient to raise the issue of changed country conditions on appeal, and, as such, he has abandoned his claim of changed country conditions. *See Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1145 (11th Cir. 2010) (holding that "[p]assing reference to issues are insufficient to raise a claim for appeal"); *Djonda*, 514 F.3d at 1173. Therefore, he has failed to preserve any cognizable issue for review.

Even assuming that Ramirez-Moreno sufficiently raised the issue of changed country conditions, the BIA did not abuse its discretion in denying his motion to reopen. Ramirez-Moreno's evidence did not address prevailing conditions in Colombia, much less evince a change in those conditions. As such, the evidence failed to demonstrate "that, if the proceedings were opened, the new evidence would likely change the result of the case." *Jiang*, 568 F.3d at 1256-57. Accordingly, Ramirez-Moreno failed to meet his heavy burden of demonstrating changed country conditions and the BIA did not abuse its discretion in denying his

untimely motion to reopen.

**PETITION DENIED.**