[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10602
Non-Argument Calendar

_____

Agency No. A041-137-610

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 4, 2011
JOHN LEY
CLERK

NICK CATY,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 4, 2011)

Before TJOFLAT, CARNES and BLACK, Circuit Judges.

PER CURIAM:

Nick Caty, through counsel, seeks review of the Board of Immigration Appeals' (BIA) order denying his motion to remand so that he could seek a waiver of deportability. In 1997, an Immigration Judge (IJ) found Caty deportable for having committed two crimes involving moral turpitude, and concluded he abandoned all relief because he failed to timely file an application for relief. Caty did not file a petition for review from the IJ's decision or the BIA's dismissal of his appeal. He also did not seek judicial review of the BIA's February 1999 or January 2010 orders denying his two motions to reopen.

Instead, Caty filed the instant motion to remand in October 2010, and the BIA denied it as untimely, considering it both as a motion to reopen and as a motion to reconsider. On appeal, Caty argues the IJ violated his due process rights in 1997 by finding him deportable, imposing an inadequate filing deadline for applications of relief, and failing to conduct an individual hearing before ordering him removed. After review, we dismiss Caty's petition in part and deny it in part.[1]

Although we have jurisdiction to review the denial of the motion, *see Kucana v. Holder*, 130 S. Ct. 827, 840 (2010), we do not have jurisdiction to

---

[1] We review *de novo* whether we have jurisdiction to consider a petition for review. *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007).

review the underlying claim raised therein. The sole issue raised by Caty—that the IJ violated his due process rights during removal proceedings that occurred over 10 years ago—is not a claim that can be presently reviewed because he did not timely petition for review of the IJ's 1997 orders. *See* IIRIRA § 309(c)(4)(C) (reprinted in 8 U.S.C. § 1101 (historical notes)).[2] Moreover, Caty has abandoned any challenge to the BIA's finding that his motion to remand was untimely, both as a motion to reopen and as a motion to reconsider, because he has not raised the issue on appeal. *See Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1145 (11th Cir. 2010). Caty also does not argue that the BIA erred or violated his due process rights and has abandoned any claims in this respect as well. Accordingly, the petition is dismissed to the extent we lack jurisdiction over the sole claim raised, and denied to the extent he failed to preserve any other claim we would have jurisdiction to consider.

**PETITION DISMISSED IN PART, DENIED IN PART.**

---

[2] In any event, the IJ's conclusion that he abandoned all immigration relief by failing to submit a timely application does not, by itself, amount to a violation of due process rights. *See Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1276 (11th Cir. 2009) (citing 8 C.F.R. § 1003.31(c)) (holding that an alien "does not have a constitutionally protected liberty interest in the admission of evidence after the court-ordered deadline" and "cannot establish a due process violation based on the IJ's adverse decision" in that respect).