[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 6, 2012
JOHN LEY
CLERK

No. 11-14487
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-22580-MGC


HONG HUANG,
a.k.a. Linda Huang,

                                                        Plaintiff-Appellant,

versus

SECRETARY US DEPARTMENT OF HOMELAND SECURITY,
DIRECTOR OF THE US CITIZENSHIP AND IMMIGRATION SERVICES,
U.S. DEPARTMENT OF HOMELAND SECURITY,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 6, 2012)

Before TJOFLAT, EDMONDSON and FAY, Circuit Judges.

PER CURIAM:

Hong Huang appeals the dismissal of her action seeking review of the denial of her naturalization application under INA § 310(c), 8 U.S.C. § 1421(c), and the denial of her motion for reconsideration. On appeal, she argues that the district court did have jurisdiction under § 1421(c), even though she has not yet had an immigration hearing. For the reasons set forth below, we affirm the district court's dismissal of Huang's action and denial of her motion for reconsideration.

I.

Huang, a native of China, has been residing in the United States since 1998. She became a permanent resident in 2004, and she filed an N-400 Application for Naturalization in 2009. In 2010, the United States Citizenship and Immigration Services ("USCIS") denied Huang's naturalization application and simultaneously initiated removal proceedings. Huang has since appealed the denial of her naturalization application, but the USCIS has yet to rule on that appeal.

Huang then filed a complaint in the district court against Janet Napolitano, in her official capacity as the Secretary of the Department of Homeland Security, and Michael Aytes, in his official capacity as the Acting Director of the USCIS.[1] She asserted that she had exhausted her administrative remedies because, pursuant to INA § 318, 8 U.S.C. § 1429, the USCIS could not review the denial of her

---

[1] Napolitano and Aytes are hereinafter referred to as "the government."

naturalization application. Huang asked the court to conduct a *de novo* review of the denial of her naturalization application. She sought a declaration that she was eligible for naturalization, asserted that the government violated the Administrative Procedure Act, and sought a preliminary injunction to stay the removal proceedings while her case was pending before the district court.

The government filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted. First, the government argued that the court lacked subject matter jurisdiction because § 1421(c) restricted judicial review of the denial of a naturalization application to applicants who had had an immigration hearing. Thus, Huang was required in this manner to exhaust her administrative remedies, even though Huang argued that exhaustion was futile because the USCIS did not have the authority to consider her administrative appeal while her removal proceedings were pending. The government argued that the exhaustion requirement was statutory rather than judicial and as such could not be waived for discretionary reasons. Second, the government argued that, even if the court had subject matter jurisdiction, Huang failed to state a claim because, under § 1429, a district court could not consider a naturalization application while removal proceedings were pending. Finally, under § 1429, neither the court nor the USCIS could grant

Huang's naturalization application while she was in removal proceedings.

In response, Huang argued that the district court did have subject matter jurisdiction under § 1421(c). That section implied that an immigration hearing would be available and that, if a hearing was unavailable, exhaustion was not required. No immigration hearing was available to Huang because the USCIS initiated removal proceedings the same day it denied her application for naturalization. The government replied that the court could not create exceptions to a statutory exhaustion requirement.

The district court first determined that, under § 1421(c), it lacked jurisdiction over Huang's case because she had not yet attended an immigration hearing to review the denial of her naturalization application. Thus, she had not exhausted her administrative remedies. Even if, under § 1429, it would be futile for Huang to attempt to exhaust her administrative remedies, the court could not ignore § 1421(c)'s exhaustion requirement. The court then found that it did not have jurisdiction under the Administrative Procedure Act or the Declaratory Judgment Act. The court declined to consider whether Huang had stated a claim, granted the motion to dismiss, and dismissed the case.

Huang filed a motion to reconsider, arguing that the court applied the wrong law in granting the motion to dismiss and that she was not required to exhaust her

4

administrative remedies. In response, the government reiterated its argument that the court could not create an exception to the exhaustion requirement contained in § 1421(c). Huang, in reply, reiterated her argument that she should not be required to exhaust her administrative remedies because it would be futile. The court denied the motion to reconsider, noting that Huang had not asserted any new arguments or brought to the court's attention any new legal authority regarding exhaustion.

## II.

We review the grant of a motion to dismiss for lack of subject matter jurisdiction *de novo*. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). "We review the denial of a motion for reconsideration for abuse of discretion." *Equity Inv. Partners, LP v. Lenz*, 594 F.3d 1338, 1342 (11th Cir. 2010).

An individual whose naturalization application has been denied may seek review of that denial in a United States district court "after a hearing before an immigration officer under [INA § 336(a), 8 U.S.C. § 1447(a)]." INA § 310(c), 8 U.S.C. § 1421(c). Courts are not to read "futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n.6, 121 S.Ct. 1819, 1825 n.6, 149 L.Ed.2d 958

5

(2001) (interpreting Prison Litigation Reform Act of 1995).

The district court correctly determined that it lacked jurisdiction over Huang's case.[2] Congress explicitly allows district court review of the denial of a naturalization application only where the applicant has received an immigration hearing under § 1447(a). *See* 8 U.S.C. § 1421(c). This restriction is a statutory exhaustion requirement, and the district court was not authorized to read an exception, including one based on futility or the USCIS's actions, into that requirement. *See Booth*, 532 U.S. at 741 n.6, 121 S.Ct. at 1825 n.6. Because Huang has not yet received an immigration hearing under § 1447(a), the district court lacked jurisdiction to review the denial of her naturalization application. Moreover, the district court did not abuse its discretion in denying Huang's motion for reconsideration because the court correctly determined in the first instance that it lacked jurisdiction under § 1421(c). Because the court correctly determined that it lacked jurisdiction under § 1421(c), we do not consider whether Huang stated a claim upon which relief could be granted.

For the foregoing reasons, we affirm the district court's dismissal of Huang's action and denial of her motion for reconsideration.

---

[2] Huang has abandoned any argument as to the district court's rulings regarding the Administrative Procedure Act and the Declaratory Judgment Act because she does not address those rulings on appeal. *See Lapaix v. U.S. Att'y Gen.,* 605 F.3d 1138, 1145 (11th Cir. 2010) ("Generally, when an appellant fails to offer argument on an issue, that issue is deemed abandoned.").

**AFFIRMED.**