[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13062
Non-Argument Calendar
_____

Agency No. A205-211-009


VICTOR HERNANDEZ-RUBIO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 16, 2015)

Before TJOFLAT, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Victor Hernandez-Rubio, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' (BIA) final order dismissing his appeal of the Immigration Judge's (IJ) decision to pretermit his application for cancellation of removal. Hernandez-Rubio argues that the date on which his period of continuous physical presence ended should be the date that the Department of Homeland Security (DHS) issued an amendment to his notice to appear (NTA), rather than the earlier date that it issued a defective NTA that contained an incorrect charge, incorrect allegations, and no date and time of his hearing. He also argues that the incorrect NTA and its subsequent amendment violated his due process rights.

We review only the decision of the BIA, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Where the BIA agrees with the IJ's reasoning, we will also review the IJ's decision to that extent. See Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1350 (11th Cir. 2009). Here, the BIA did not expressly adopt the IJ's decision but agreed with the IJ's findings, so we review both decisions to that extent. See id.

The Attorney General may cancel the removal of an alien who meets certain specified criteria, one of which is that the alien must have maintained physical presence in the United States "for a continuous period of not less than 10 years immediately preceding the date of such application" for cancellation of removal.

INA §240A(b)(1)(A), 8 U.S.C. §1229b(b)(1)(A).  The statute provides that "any period of continuous residence or continuous physical presence in the United States shall be deemed to end . . . when the alien is served a notice to appear under section 1229(a)."  INA §240A(d)(1), 8 U.S.C. §1229b(d)(1).  Hernandez-Rubio's argument that the amendment to the NTA, and not the original NTA, should be used to calculate his continuous physical presence is unavailing.  That statute specifies that the 10 years continuous presence shall end when a notice to appear is served; it does not provide for an exception in case the notice to appear contains a deficiency.  The Board of Immigration Appeals has concluded that a notice to appear is "not ineffective simply because it does not include a specific date and time for the initial hearing."  Matter of Camarillo, 25 I. & N. Dec. 644. 648, 651-52 (BIA 2011).  This conclusion is bolstered by the regulations which allow the Department of Homeland Security to bring additional or substituted allegations and charges of deportability at any time during the removal proceedings.  8 C.F.R. §§1003.30, 1240.10(e).  We agree with the Sixth Circuit that the purpose of §1229b(d)(1) "is to prevent aliens from accruing continuous physical presence in the United States while litigating their removal proceedings."  Gonzalez-Garcia v. Holder, 770 F.3d 431, 434 (6th Cir. 2014).  Accordingly, we reject Hernandez-Rubio's argument that his continuous presence did not end until the Department's

3

amendment corrected the deficiencies in its notice to appear in response to Hernandez-Rubio's arguments during the litigation.[1]

In removal proceedings, an NTA must be served on the alien and specify, among other things, the following: the nature of the proceedings against the alien, the legal authority under which the proceedings are conducted, the acts or conduct alleged to be in violation of law, the charges against the alien and the statutory provisions alleged to have been violated, and the time and place at which the proceedings will be held.  INA §239(a), 8 U.S.C. §1229(a).  As noted above, federal regulations allow the DHS to bring additional or substituted factual allegations or charges of deportability at any time during the removal proceedings.

Due process requires that aliens be given notice and an opportunity to be heard in their removal proceedings.  Lapaix v. U.S. Att'y Gen., 605 F.3d 1138, 1143 (11th Cir. 2010).  To obtain relief based on a due process violation, the petitioner must show both a violation of due process and substantial prejudice.  See id.  To show substantial prejudice, the petitioner must demonstrate that the outcome of the proceeding would have been different in the absence of the alleged violation.  Id.  Hernandez-Rubio suffered no violation of his due process rights,

---

[1]    The deficiencies in the original notice to appear did not undermine the primary purpose of the notice to appear – i.e., to "inform an alien that the Government intends to have him or her removed from the country."  Camerillo, at 650.

because he received notice of the charges against him and was given a chance to respond to those charges before the IJ.

PETITION DENIED.