Juan VICENTE-PU, Petitioner,

v.

U.S. ATTORNEY GENERAL, Respondent.

No. 16-15963
Non-Argument Calendar

United States Court of Appeals, Eleventh Circuit.

(July 10, 2017)

James A. Satcher, Jr., James A. Satcher, Jr., PC, Rome, GA, for Petitioner

Laura Halliday Hickein, Jennifer R. Khouri, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, OIL, Office of Immigration Litigation, Washington, DC, Alfie Owens, DHS/ICE Office of Chief Counsel—ATL, Atlanta, GA, for Respondent

Before JULIE CARNES, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Juan Vicente-Pu and Elida Vicente-Lopez ("E.V.L."), his minor daughter, petition for review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of

their asylum claim[1] based on the BIA's conclusions that they did not meet the particular social group requirement and, even assuming they did, they did not establish a causal nexus between that particular social group and the harm they suffered. Vicente-Pu and E.V.L. argue that they had a well-founded fear of future persecution based on a reasonable possibility that they would be killed or that E.V.L. would be raped if Vicente-Pu did not meet the demands of unknown extortionists. They also claim that they are members of a particular social group defined as fathers and daughters who are victims of extortion under threat of rape.

We review only the BIA's decision as the final judgment, except to the extent that it expressly adopts the IJ's opinion. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). If the BIA adopts the IJ's reasoning, we will review the IJ's decision as well. *Id.* Because the BIA conducted an independent analysis of the issues in its written opinion, we review the BIA's opinion as the final judgment. *Id.*

We review *de novo* the BIA's legal conclusions, including whether an alleged group qualifies as a "particular social group" under the INA. *Gonzalez v. United States Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016). The BIA, interpreting the INA, has held that a "particular social group" must be (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question. *Matter of M-E-V-G-*, 26 I&N Dec. 227, 237 et seq. (BIA 2014). The BIA has also held that an overly broad social group cannot be made a particular social group by adding the alleged harm that its mem-

bers suffered to the definition. *See Matter of S-E-G-*, 24 I&N Dec. 579, 584 (BIA 2008) (holding that the alleged social group—"youth who have been targeted for recruitment by, and resisted, criminal gangs"—could not be defined by the harm that its members suffered). Our review of the BIA's statutory interpretation employs the deferential treatment articulated in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). *Gonzalez*, 820 F.3d at 403 et seq. In that context, we may not substitute our own construction for the BIA's reasonable interpretation of an ambiguous term in the INA, such as the meaning of "particular social group." *Id.* at 404.

An applicant for asylum must meet the INA's definition of a refugee. INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). The definition of "refugee" includes:

> any person who is outside any country of such person's nationality ... and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of [1] persecution or a well-founded fear of persecution [2] on account of [3] race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). Thus, in order to meet the definition of a refugee, the applicant must, "with specific and credible evidence, demonstrate (1) past persecution on account of a statutorily listed factor, or (2) a well-founded fear that the statutorily listed factor will cause future persecution." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006) (quotation omitted).

---

1. Vicente-Pu and E.V.L. have abandoned any challenge to the BIA's denial of their withholding of removal or CAT relief claims because they do not present an argument re-

garding those claims on review; rather, they argue only that they are eligible for asylum. *Lapaix v. United States Att'y Gen.*, 605 F.3d 1138, 1145 (11th Cir. 2010).

When an appellant fails to offer an argument on an issue, that issue is deemed abandoned. *Lapaix*, 605 F.3d at 1145. Passing references to issues are insufficient to raise a claim on appeal. *Id.*

Vicente-Pu and E.V.L. have abandoned any argument that the BIA erred in concluding that, even assuming they could prove membership in a "particular social group," there was no causal nexus between their membership in that group and the extortion under threat of rape or murder, because they failed to raise such an argument in their brief on appeal. *Id.* In any event, Vicente-Pu and E.V.L. fail to show their membership in a particular social group because their alleged social group— "fathers and daughters who are victims of extortion under threat of rape"—is impermissibly defined by the harm that its members allegedly suffered. *See Gonzalez*, 820 F.3d at 404; *Matter of S-E-G-*, 24 I&N Dec. at 584. Accordingly, we deny their petition.

**PETITION DENIED.**[2]

---

**2.** This panel previously granted a temporary stay of removal (although we did so only because of the Attorney General's non-opposition), which by its terms would expire automatically upon the issuance of the panel's decision on the merits. Accordingly, that temporary stay is hereby lifted.