[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14193
Non-Argument Calendar
_____

Agency No. A072-798-623

KE CHUN WANG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 10, 2018)

Before WILSON, HULL, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Ke Chun Wang petitions for review of the Board of Immigration Appeal's (BIA) decision affirming the immigration judge's (IJ) order denying his claims for asylum and withholding of removal.  Wang argues that the IJ violated his right to due process by issuing a decision following the BIA's remand order "rather than giving [him] an opportunity to present additional evidence."

We review only the BIA's decision, except to the extent that it expressly adopts the IJ's opinion or reasoning.  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).  We lack jurisdiction to consider claims raised in a petition for review unless they have been exhausted before the BIA.  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam). We review constitutional issues de novo.  *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1341 (11th Cir. 2003) (per curiam).

Due process protections, including notice and an opportunity to be heard, apply in removal proceedings.  *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1143 (11th Cir. 2010) (per curiam).  However, in order to establish a due process violation, one must "show that he or she was deprived of liberty without due process of law and that the purported errors caused her substantial prejudice." *Id.* In other words, the petitioner must show that, "in the absence of the alleged violations, the outcome of the proceeding would have been different." *Id.*

2

Here, Wang makes no showing of a due process violation or of substantial prejudice. He argues that a violation with substantial prejudice exists because "twice in the BIA's decision, the BIA stated they are remanding Petitioner's case back for 'further proceedings.'" This meant, he argues, that there would be additional "proceedings where the Petitioner would be allowed to present additional evidence."

A reading of the BIA's remand order shows that this is a distortion, and that the BIA did not order that some sort of hearing take place on remand. The remand order stated that the BIA "will remand *the record* for further proceedings relating to the respondent's claim," as the IJ had only "noted in passing" some of Wang's evidence but did "not otherwise address the merits." (emphasis added). Accordingly, the BIA decided to "remand *the record* in order for the [IJ] to analyze [the claim] in the first instance." (emphasis added). This analysis is confirmed by the instant BIA opinion, which, interpreting its own remand order, stated:

> The [IJ] was not required to hold further hearings merely because our prior order remanded for "further proceedings" and the issuance of a new decision . . . . Our prior order instructed the [IJ] to address the respondent's CDP claim and issue a new decision doing so; whether or not to hold further hearings or whether or not to accept additional documentary evidence is within the discretion of the [IJ].

Further, on remand, the IJ noted that it considered "the arguments of both parties and the entire record carefully," including, but not limited to, Wang's earlier supplemental exhibits and the transcript of his testimony from two days in

3

2013. And Wang does not tell us what additional evidence he would have submitted, or that he attempted to submit this unknown evidence and was somehow prevented from doing so. In short, as stated, he has made no showing of a violation, and certainly no showing of prejudice, let alone substantial prejudice.[1]

**PETITION DENIED.**

---

[1] Additionally, to the extent that Wang separately argues that his due process rights were violated because he was not permitted to respond to the BIA's decision on remand to the IJ, that argument was not raised before the BIA in his second appeal and is therefore unexhausted. *See Amaya-Artunduaga*, 463 F.3d at 1250. Regardless, this argument seems to also rely upon Wang's misreading of the remand order, *see, e.g.*, Blue Br. at 12, and we have already explained that he has not shown substantial prejudice from the IJ's failure to conduct some sort of hearing on remand.