[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10068
Non-Argument Calendar
_____

Agency No. A213-093-891

FIDEL ENRIQUE GOMEZ HERNANDEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 13, 2018)

Before TJOFLAT, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Fidel Gomez Hernandez petitions for review of the Board of Immigration Appeals' (BIA) final order affirming the Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT). He brings several issues on appeal, which we address in turn. After review,[1] we dismiss the petition in part, and deny in part.

## I. DISCUSSION

### A. Asylum and Withholding of Removal

The Department of Homeland Security (DHS) has discretion to grant asylum if the alien establishes that he is a "refugee." 8 U.S.C. § 1158(b)(1)(A). A refugee is a person "who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, [his or her country of nationality] because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Generally, an applicant for asylum must establish

---

[1] We review only the decision of the BIA, except to the extent the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Factual findings are reviewed under the substantial evidence test. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230 (11th Cir. 2005). We must affirm a fact-finding "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1236 (11th Cir. 2006) (quotations omitted). Under this highly deferential standard of review, "we view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Id.* (quotations omitted). Thus, a decision can only be reversed if "the evidence compels a reasonable fact finder to find otherwise." *Sepulveda*, 401 F.3d at 1230 (quotations omitted). We review due process challenges *de novo*. *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1143 (11th Cir. 2010).

either (1) past persecution on account of a protected ground, or (2) a well-founded fear of future persecution on account of a protected ground.  *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230–31 (11th Cir. 2005).

### 1.  Past persecution

To establish eligibility for asylum based on past persecution, the applicant must show (1) he was persecuted, and (2) the persecution was on account of a protected ground.  *Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1232 (11th Cir. 2007).  Persecution itself is an "extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation."  *Id.* (quotations omitted).

Substantial evidence supports the denial of Gomez's asylum claim because the record does not compel the conclusion that Gomez demonstrated past persecution on account of his political beliefs.[2]  The record does not compel a finding Gomez was targeted in the shooting incident on August 9, 2016, because of his political beliefs.  *See Rodriguez Morales v. U.S. Att'y Gen.*, 488 F.3d 884, 891 (11th Cir. 2007) (stating where the evidence equally supports an inference of persecution based on a protected ground, and an inference of persecution based on an unprotected ground, the record does not "compel" this Court to hold otherwise).

---

[2] On appeal, Gomez asserts the August 2016 incidents alone were sufficient to establish past persecution.  He only references his allegations of economic persecution in the context of establishing he demonstrated an objective fear of future persecution.  However, even including the claimed economic persecution, substantial evidence supports the BIA's and IJ's conclusion.

Moreover, there is insufficient evidence to compel a finding Gomez's shooters were part of the Colectivos, where the only evidence Gomez offered to this effect was his testimony that they were dressed similarly and rode motorcycles.  The Colectivos did not later claim responsibility for the attack or openly admit their involvement and the shooters did not individually identify themselves.  *See Sanchez Jimenez* 492 F.3d at 1234 n.10 (holding the record compelled a finding of past persecution when the applicant testified that, after the shooting, members of the organization called him to claim responsibility for the attack and reiterated their threats against him and his family).  Thus, it is not clear the shooting incident was motivated by Gomez's political beliefs as opposed to Venezuela's general criminal unrest.  *See Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1258 (11th Cir. 2006) (explaining evidence consistent with acts of private violence or that merely showing a person has been the victim of criminal activity does not constitute evidence of persecution on account of a statutorily protected ground).

Furthermore, the record does not compel a finding the two August 2016 incidents were orchestrated by the same people such that they should have been considered together as past persecution.  The differences in the pattern of behavior and words used in the written threat and the shooting do not compel a finding the two were related, and closeness in time is not enough to link the events together. *See Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1239 (11th Cir. 2006) (determining the

4

evidence did not compel a finding the applicant was targeted on account of her political beliefs when she offered no evidence, apart from temporal proximity, connecting a shooting to a threatening note concerning her political activity).

Finally, the record does not compel a finding Gomez demonstrated past persecution based on the August 19 note alone, because the record does not compel the determination that this threat, even though it contained a threat directed to multiple people within it, rises to the level of past persecution. *See Sepulveda*, 401 F.3d at 1231 (concluding threats to the petitioner, her brother, and university group did not rise to the level of past persecution).

### 2. *Future persecution*

To establish eligibility for asylum based on a well-founded fear of future persecution, the applicant must prove (1) he had a "subjectively genuine and objectively reasonable fear of persecution" and (2) such fear of persecution was on account of a protected ground. *Sanchez Jimenez*, 492 F.3d at 1232. If the applicant cannot demonstrate past persecution, he bears the burden of showing it would be unreasonable for him to relocate, unless the persecution was by the government or is government-sponsored. 8 C.F.R. § 208.13(b)(3)(i).

The record also does not compel the conclusion Gomez demonstrated a well-founded fear of future persecution on account of his political beliefs. As an initial matter, Gomez's argument the BIA failed to find he had a well-founded fear of

future persecution is misplaced.  The BIA specifically noted that, because Gomez did not show past persecution, Gomez also failed to demonstrate a well-founded fear of future persecution.  The BIA also agreed with the IJ's conclusion that Gomez failed to demonstrate he could not safely relocate within Venezuela or that government authorities were unable or unwilling to control potential persecutors, both elements of establishing a fear of future persecution.

To the extent Gomez exhausted the claim the Interpol warrant justifies a fear of future persecution, he still has not demonstrated an objective fear he would be singled out for persecution if he were to return to Venezuela.  *See Sanchez Jimenez*, 492 F.3d at 1232.  The warrant does not indicate a threat of harm, has no obvious connection to his political beliefs or activity, and does not demonstrate anything more than an allegation of general criminal activity regarding a financial transaction.  Furthermore, Gomez has not shown that he could not reasonably relocate anywhere within Venezuela, specifically when he showed he was able to travel in and out of the country during 2012 to 2015 and lived in Venezuela for at least seven years between 2009 and 2016 without incident.  Thus, the record does not compel a finding that Gomez has a well-founded fear of future persecution on account of a protected ground.  Accordingly, substantial evidence supports the IJ's and BIA's denial of Gomez's asylum and withholding of removal claims.[3]

---

[3] If an applicant fails to establish eligibility for asylum, "he necessarily cannot meet the

## B.  CAT Relief

Gomez did not exhaust his administrative remedies with respect to his CAT claim because he did not set forth any meaningful arguments regarding his eligibility for CAT relief in his pleadings to the BIA.  We lack jurisdiction to entertain arguments not raised before the BIA.  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).  Thus, we dismiss Gomez's appeal of his CAT claim.  8 U.S.C. § 1252(d)(1).

## C.  Due Process

Due process requires an alien be given both notice and the opportunity to be heard in removal proceedings.  *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1143 (11th Cir. 2010).  To show his due process rights were violated, a petitioner must show that he was deprived of liberty without due process of law and the purported errors caused him substantial prejudice.  *Id.*  To show substantial prejudice, the alien must show, "in the absence of the alleged violations, the outcome of the proceeding would have been different."  *Id.*

Gomez's due process rights were not violated because he was afforded a full and fair hearing and he cannot show that any of the purported errors caused him substantial prejudice.  First, the IJ's questioning during the hearing was not so

---

more stringent burden for withholding of removal."  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1249 n.3 (11th Cir. 2006).   Accordingly, as substantial evidence supports the IJ's and BIA's denial of Gomez's asylum claims, substantial evidence also supports the IJ's and BIA's denial of withholding of removal.

egregious that it prevented significant parts of his testimony from being developed. Gomez was able to testify about the facts he alleged in his application and attached documents, and he gave no indication during the hearing that he needed or wanted to testify more. The IJ has authority to question the asylum applicant directly, and the questions were not inappropriate. *See Stevens v. Osuna*, 877 F.3d 1293, 1302 (11th Cir. 2017) (stating an IJ has explicit statutory authority to question the asylum applicant and any witnesses). Second, the purported error of ignoring the Interpol warrant did not cause Gomez substantial prejudice because there is no indication the IJ ignored the evidence or that, even if he had explicitly discussed it, there would have been a different conclusion. Gomez's counsel engaged in a direct colloquy with the IJ, during which he could have discussed the Interpol warrant, but did not. Thus, the IJ did not deprive Gomez of his due process rights.

## II.  CONCLUSION

Substantial evidence supports the IJ's and BIA's denial of Gomez's asylum and withholding of removal claims because he could not demonstrate past persecution or a well-founded fear of future persecution. We lack jurisdiction to review the denial of Gomez's CAT claim. Finally, Gomez's due process rights were not violated during the merits hearing. Accordingly, we dismiss in part and deny in part Gomez's petition for review.

**PETITION DISMISSED IN PART AND DENIED IN PART.**