[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13382

Non-Argument Calendar

_____

JULIA GRISE GUILLEN-FLORES,
FERNANDO IVAN GUILLEN-FLORES,

                                        Petitioners,

*versus*

U.S. ATTORNEY GENERAL,

                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A206-733-667

_____

Before LUCK, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Julia Guillen-Flores petitions for review of Board of Immigration Appeals's dismissal of the immigration judge's denial of her application for asylum and withholding of removal.[1] After careful review, we deny her petition.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Guillen-Flores is a native of Honduras who unlawfully entered the United States near Hidalgo, Texas on May 21, 2014. Five days after she entered the United States, the Department of Homeland Security served her with a Notice to Appear that charged her with being unlawfully present and subject to removal because she was a not a citizen and she was not admitted or paroled into the country. The immigration judge held an initial hearing in her case in New York on April 1, 2015 but adjourned the hearing when Guillen-Flores did not show up.

Shortly after the hearing, Guillen-Flores moved to change venue to Miami because she was living in South Florida. The

---

[1] Guillen-Flores is the lead petitioner in this case, which also includes her son, Fernando Ivan Guillen-Flores, as a beneficiary. For that reason, when we refer to Guillen-Flores, we're really referring to her and her son. Guillen-Flores also applied for relief under the Convention Against Torture, but her petition for review does not discuss that part of her application, so we will not address it.

motion was granted.  Guillen-Flores then filed a Form I-589 Application for Asylum and for Withholding of Removal on behalf of herself and her son on May 26, 2015.  Guillen-Flores alleged in her application that she had been assaulted six times while living in Honduras.  When asked if she feared harm or mistreatment if she returned to Honduras, Guillen-Flores answered yes, "because there is violence" in Honduras.  She also indicated she did not have a place to live in Honduras, was worried about providing for her son, and was afraid local gangs in Honduras would force her to pay "rent."  Finally, when asked if she or her family was a member of any organizations or groups in Honduras, Guillen-Flores indicated she was Catholic.

Guillen-Flores then attended a hearing in Miami on June 15, 2015, where the immigration judge informed her that she had the right to hire an attorney to represent her during the asylum process.  The hearing was adjourned to allow Guillen-Flores an opportunity to obtain counsel.  From November 24, 2015 to February 25, 2016, Guillen-Flores attended two hearings that were also quickly adjourned to give her more time to obtain counsel.

Guillen-Flores then appeared at a March 24, 2016 hearing represented by counsel.  Counsel agreed that Guillen-Flores was served with the notice to appear and that she was removable, but argued that she was eligible for asylum and withholding of removal.  At another hearing, on May 19, 2016, Guillen-Flores defined the particular social group she was relying on in her

application as a "Hondura[n] woman who was abused, and as a result has been left with emotional scars."

Counsel eventually moved to withdraw from the case because Guillen-Flores failed to prepare for the asylum hearing, and the immigration judge granted the motion. In the order, the immigration judge warned Guillen-Flores that she had to "be ready to proceed" at the asylum hearing, which was scheduled for September 13, 2017. The hearing was then rescheduled twice, finally settling on April 10, 2019. Each time the hearing was rescheduled, Guillen-Flores was sent a notice informing her of the change and reminding her of her right to be represented by counsel at the hearing.

In the meantime, Guillen-Flores moved back to New York and filed a change of address with the Department. But she did not move to change venue back to New York.

Guillen-Flores appeared without counsel at her asylum hearing on April 10, 2019. To get Guillen-Flores's testimony, the immigration judge asked her questions about her asylum application. In response, Guillen-Flores testified that she was never tortured by anyone acting on behalf of the Honduran government and had no reason to believe anyone acting on behalf of the Honduran government would do so if she returned to Honduras. She also confirmed no one harmed her based on her religion and particular social group. Guillen-Flores explained that she was assaulted six times by criminals who wanted to rob her.

Based on Guillen-Flores's testimony, her application, and the evidence she submitted, the immigration judge denied her asylum and withholding of removal claims. Guillen-Flores's own statements, the immigration judge explained, undermined "any claim that she may have for relief under the asylum laws of the United States." She had not been harmed or threatened, the immigration judge found, based on any protected ground. Instead, she was harmed because "she was a victim of crime," which "does not pave the way for a grant of asylum." And because Guillen-Flores did not show she was eligible for asylum, she could not meet her high burden to show she was eligible for withholding of removal.

Guillen-Flores appealed the immigration judge's decision to the board, arguing that her due process rights were violated because: the immigration judge went forward with the hearing even though she "was not prepared to proceed"; the immigration judge was not a neutral factfinder; the hearing went forward without counsel; and the immigration judge did not move the venue to New York after Guillen-Flores left Florida. The board dismissed Guillen-Flores's appeal because she did not establish any "due process violation which would warrant remand of the record to the" immigration judge.

This is Guillen-Flores's petition for review.

## STANDARD OF REVIEW

We review "only the [the board]'s decision, except to the extent that it expressly adopts the [immigration judge]'s opinion." *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1142 (11th Cir. 2010). "If

the [board] explicitly agreed with particular findings of the [immigration judge], we review both the [board] and the [immigration judge]'s conclusions regarding those issues." *Xiu Ying Wu v. U.S. Att'y Gen.*, 712 F.3d 486, 492 (11th Cir. 2013).

## DISCUSSION

Guillen-Flores raises two issues in her petition. First, we consider her argument that she was denied due process by the immigration judge. And second, we address her contention that the immigration judge erred in denying her asylum and withholding of removal.

### *Due Process*

Guillen-Flores argues that she was denied due process because: (1) the immigration judge held the asylum hearing even though Guillen-Flores was "not prepared to proceed" and she did "not even appear" to understand the proceedings; (2) the immigration judge did not act as a neutral factfinder when the judge asked her "yes or no" questions instead of eliciting a more detailed narrative; (3) she wasn't given an opportunity to obtain new counsel; and (4) the hearing should have been moved to New York. We disagree.

"It is well-established that the Fifth Amendment entitles petitioners in removal proceedings to due process of the law." *See Lapaix*, 605 F.3d at 1143. "Due process requires that aliens be given notice and an opportunity to be heard in their removal proceedings." *Id.* "To establish due process violations in removal

proceedings, aliens must show that they were deprived of liberty without due process of law, and that the asserted errors caused them substantial prejudice." *Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1275 (11th Cir. 2009) (quoting *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1341–42 (11th Cir. 2003)). "To show substantial prejudice, an alien must demonstrate that, in the absence of the alleged violations, the outcome of the proceeding would have been different." *Lapaix,* 605 F.3d at 1143.

We find no error in how the immigration judge conducted the asylum hearing. First, Guillen-Flores was given notice of the hearing nearly two years before it was held and was advised she "must be ready to proceed," so any argument that she did not understand the hearing would proceed is contradicted by the record. Further, nothing indicates she was unprepared to proceed at the asylum hearing. Guillen-Flores arrived with her children's grades to submit as evidence, indicating she was fully aware of the nature of the hearing and she was prepared for it. While Guillen-Flores points to the fact she referenced her former counsel at the hearing, a review of the record shows these references merely related to her uncertainty about whether her former counsel submitted certain evidence for the immigration judge's consideration. Her argument that she appeared confused about the state of her representation at the hearing is therefore unsupported.

Second, we also find no error in the immigration judge's questioning at the hearing. Immigration judges are given broad discretion in how they conduct hearings and may "interrogate,

examine, and cross-examine aliens and any witnesses." 8 C.F.R. § 1003.10(b). In doing so, they may "exercise their independent judgment and discretion and may take any action consistent with their authorities . . . that is appropriate and necessary for the disposition of . . . cases." *Id.*

Exercising this discretion, the immigration judge in this case adequately questioned Guillen-Flores to elicit information about the violence she previously experienced in Honduras. Once the immigration judge completed the questioning Guillen-Flores was asked whether there was anything the judge did not ask about that she wanted the judge to know. Guillen-Flores responded there was not. Thus, the immigration judge afforded Guillen-Flores ample opportunity to be heard at the hearing and present any details she now claims she was prevented from bringing to the judge's attention.

Third, Guillen-Flores was informed of her right to obtain counsel multiple times, so we cannot find error here. She was informed of it at her first appearance and was granted multiple continuances to give her the chance to retain counsel. When her counsel later withdrew, she was then put on notice she would have to be ready to proceed at the asylum hearing. And finally, she was reminded in writing that she had the right to be represented at the hearing both times it was rescheduled.

Finally, Guillen-Flores never told the immigration judge that the hearing should be in New York instead of Miami. In the order granting counsel's motion to withdraw, the immigration

judge explained that Guillen-Flores would be appearing without counsel and that she should be prepared for her asylum hearing in Miami.  Between the granting of the motion to withdraw in June 2017 and the asylum hearing in April 2019, Guillen-Flores had almost two years to move to change venue but she failed to do so. The failure was not for lack of knowledge. Guillen-Flores, on her own, moved for a change of venue earlier in her proceedings but did not do so prior to her merits hearing.  The immigration judge did not err in denying Guillen-Flores a venue change that she didn't ask for.

Guillen-Flores also failed to show that she was prejudiced by the denial of due process.  That's because she swore in her application and at the hearing that she was assaulted, and feared returning to Honduras, based on private violence and not on a protected ground in the asylum statute.  *See Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1158 (11th Cir. 2019) (applicant had to "establish [her] membership in a particular social group was or is at least one central reason for [her] persecution" (internal quotation marks and citation omitted)).  "[E]vidence that either is consistent with acts of private violence . . . , or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1258 (11th Cir. 2006).  Thus, even if the immigration judge did everything that Guillen-Flores says should have been done, the result would have been the same:  the denial of her asylum and withholding of removal claims.

*Eligibility for Asylum and Withholding of Removal*

In her petition to our court, Guillen-Flores contends that the immigration judge erred in denying her asylum and withholding of removal claims because she established she was persecuted in the past and she had a well-founded fear of future persecution.  But we agree with the government, *see* government brief at 11–13, that Guillen-Flores failed in her brief on appeal to meaningfully challenge the agency's determination that she did not establish a nexus between her past harm (and feared future harm) and a protected ground.  Accordingly, we agree with the government that Guillen-Flores has waived any such challenge.

**PETITION DENIED.**