[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12434
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00138-TWT-CMS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR AGUIRRE-RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 14, 2019)

Before ED CARNES, Chief Judge, TJOFLAT, and JORDAN, Circuit Judges.

PER CURIAM:

Victor Aguirre-Rodriguez appeals his convictions after a jury trial for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(viii) and 846, and aiding and abetting possession with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii).  He contends that the district court erred by not allowing him to present to the jury two letters and a photograph that he says would have rebutted the government's portrayal of him as a high-level drug trafficker and supported his theory that the government prosecuted the wrong "Victor."  The letters were from his former employers in Nayarit, Mexico, and purported to show that he worked as a tortilla maker and hotel bellhop during the time of the alleged conspiracy; the photograph was a picture of him in a bellhop uniform.  The letter from the tortilla factory owner was notarized by an attorney in Mexico, while the other letter and the photograph were not sworn to or notarized at all.  The district court sustained the government's hearsay objection and rejected Aguirre-Rodriguez's argument that the letters and photograph should be admitted as foreign records of regularly conducted activity under 18 U.S.C. § 3505.

Aguirre-Rodriguez contends that the district court abused its discretion by not admitting the evidence and that his constitutional right to assert a complete defense was thereby violated.  We review for an abuse of discretion the district court's evidentiary ruling, and we review de novo whether the district court

2

deprived Aguirre-Rodriguez of his constitutional right to present a complete defense.  See United States v. Mitrovic, 890 F.3d 1217, 1220 (11th Cir. 2018).  "We have explained that it is axiomatic that a defendant's right to present a full defense does not entitle him to place before the jury irrelevant or otherwise inadmissible evidence."  United States v. Rushin, 844 F.3d 933, 941 (11th Cir. 2016) (quotation marks omitted).

18 U.S.C. § 3505, the provision on which Aguirre-Rodriguez relies, allows the admission of a "foreign record of regularly conducted activity," which is defined as "a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, maintained in a foreign country."  Id. § 3505(c)(1).  In order for such a record to be admissible, the statute requires a "foreign certification" that (A) the "record was made, at or near the time of the occurrence of the matters set forth, by (or from information transmitted by) a person with knowledge of those matters"; (B) the "record was kept in the course of a regularly conducted business activity"; and (C) "the business activity made such a record as a regular practice."  Id. § 3505(a)(1)(A)–(C).  A "foreign certification" is "a written declaration made and signed in a foreign country by the custodian of a foreign record of regularly conducted activity or another qualified person that, if falsely made, would subject the maker to criminal penalty under the laws of that country."  Id. § 3505(c)(2).  Because Congress designed the statute to track the

3

business records exception to hearsay in Federal Rule of Evidence 803(6), we interpret § 3505 "in the same manner as the comparable language in Rule 803(6) is interpreted." United States v. Ross, 33 F.3d 1507, 1515 (11th Cir. 1994) (quotation marks omitted).

Aguirre-Rodriguez asserts that the sworn letter from his former employer stating that he worked as a tortilla maker from 2009 through 2015 constituted a foreign record of regularly conducted activity under § 3505(a).[1]  That letter included a copy of the factory owner's photo identification and was notarized by an attorney in Mexico.  According to Aguirre-Rodriguez, because notaries in Mexico are subject to more stringent requirements than are notaries in the United States, the letter "was the substantial equivalent of the certification and authentication requirements of 18 U.S.C. § 3505" and should have been admitted.

We disagree.  No matter the additional credentialing of the Mexican notary public, his sign off does not do away with the requirements of § 3505(a)(1) that a foreign certification attest that the record was "kept in the course of a regularly conducted business activity" and that "the business activity made such a record as a regular practice."  See 18 U.S.C. § 3505(a)(1)(B), (C).  Even if we view the letter

---

[1]  Aguirre-Rodriguez argued at trial that the unsworn letter and photograph attesting to his employment as a bellhop were also admissible, but he does not repeat these arguments on appeal except in passing.  "Passing references to issues are insufficient to raise a claim for appeal," so we deem those arguments abandoned.  See Lapaix v. U.S. Att'y Gen., 605 F.3d 1138, 1145 (11th Cir. 2010).

as both a business record and a certification rolled into one, there is still nothing in the letter that certifies that it was kept in the course of a regularly conducted business activity or that such an activity made the creation of similar letters a regular practice. See id.

It is more natural, of course, to view the letter only as a deficient foreign certification and not also as the record itself. Section 3505 was intended to create a "simple, inexpensive substitute for the cumbersome and expensive procedures" of Rule 803(6). Ross, 33 F.3d at 1515 (quotation marks omitted). That Rule requires that a record custodian testify in court about the creation and maintenance of the business record. Fed. R. Evid. 803(6). The foreign certification process of § 3505 stands in for the need for live testimony, but it does not lessen the requirements of the custodian's certification or that there actually be a record about which the custodian is testifying. See Ross, 33 F.3d at 1515.

Aguirre-Rodriguez concedes that the letter might not be admissible under Rule 803(6) for this reason, but argues that § 3505 is broader than Rule 803(6) and that the letter "fits well within the broad definition of a memorandum or a report as set forth in 18 U.S.C. § 3505(c)(1)." The problem for Aguirre-Rodriguez, though, is not that a letter can never be a business record under § 3505 (or Rule 803(6), for that matter). It is that he did not show that this letter was such a record.

5

We also conclude that even if the district court erred, any error was harmless because the exclusion did not affect Aguirre-Rodriguez's substantial rights. See United States v. Langford, 647 F.3d 1309, 1323 (11th Cir. 2011); United States v. Caldwell, 776 F.2d 989, 1003 (11th Cir. 1985) ("The harmless error doctrine operates in the realm of the admissibility of evidence, and where the trial judge erroneously excluded evidence, we must first determine what the evidence would have been and then determine whether the trier of fact would have found the defendant guilty beyond a reasonable doubt with the additional evidence inserted.") (quotation marks omitted).  At trial the government played numerous recorded phone conversations where a person named Victor used a cell phone in Nayarit, Mexico, to talk with Aguirre-Rodriguez's former prison cellmate about arranging a methamphetamine transaction in Atlanta.  The former cellmate testified that the person on the phone was Victor Aguirre-Rodriguez.  A translator also testified that the voice from those recordings matched the voice heard on recorded phone calls that were made using Aguirre-Rodriguez's personal identification number when he was in prison.  In light of this evidence identifying Aguirre-Rodriguez as the "Victor" on the cell phone calls, we are "convinced beyond any reasonable doubt that the exclusion of [the notarized letter] would not have altered the jury's verdict."  Id.  This is another reason Aguirre-Rodriguez's constitutional claim that he was unable to present a complete defense fails.  See United States v.

6

Hurn, 368 F.3d 1359, 1367 (11th Cir. 2004) ("[E]vidence introduced to 'complete'

a potentially misleading story offered by the government is pertinent only when it

might color a jury's assessment of the material facts of the case.").

**AFFIRMED.**