[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11814

Non-Argument Calendar

_____

BRYAN DURHAM,

                                        Plaintiff-Appellant,

*versus*

LG CHEM, LTD.,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-02737-SDG

_____

2                    Opinion of the Court                    21-11814

———————————————

No. 21-11817

Non-Argument Calendar

———————————————

DEVIN TODD,

Plaintiff-Appellant,

*versus*

LG CHEM, LTD.,

Defendant-Appellee,

LG CHEM AMERICA, INC.,

Defendant.

———————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-02738-SDG

———————————————

21-11814                  Opinion of the Court                  3

———————————

No. 21-11821

Non-Argument Calendar

———————————

DOUG NEWELL,

                                                Plaintiff-Appellant,

versus

LG CHEM, LTD.,

                                                Defendant-Appellee,

LG CHEMAMERICA, INC.

                                                Defendant.

———————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-02631-SDG

———————————

4                    Opinion of the Court                    21-11814

_____

No. 21-11826

Non-Argument Calendar

_____

RICHARD JOHNSON,

Plaintiff-Appellant,

*versus*

LG CHEM, LTD.,

Defendant-Appellee,

LG CHEM AMERICA, INC.,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-03230-SDG

_____

_____

No. 21-11828

Non-Argument Calendar

_____

DAKOTA NORTON,

Plaintiff-Appellant,

*versus*

LG CHEM, LTD.,

Defendant-Appellee,

LG CHEM AMERICA, INC.,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-02263-SDG

_____

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

The sole issue in these consolidated appeals is whether the district court lacked personal jurisdiction over LG Chem, a Korean company that all concede would not be subject to personal jurisdiction in any Georgia state court. Because no federal statute established personal jurisdiction over LG Chem, we affirm the district court's dismissal of the plaintiffs' complaints.

## I.

The plaintiffs are residents of Missouri, Ohio, Arizona, and Pennsylvania that purchased LG lithium-ion 18650 batteries from electronic-cigarette retailers in those states. Each plaintiff was injured when the battery exploded. They separately brought actions against LG Chem, a Korean company, and LG Chem America, Inc., its wholly owned, Atlanta-based subsidiary, in the Northern District of Georgia. Each plaintiff sought damages for violations of Georgia products-liability law.

LG Chem moved to dismiss the plaintiffs' claims due to lack of personal jurisdiction. The plaintiffs later voluntarily dismissed LG Chem America as a party for reasons not relevant here. Then, recognizing that the district court had recently granted LG Chem's motion to dismiss in two identical cases, the plaintiffs conceded that personal jurisdiction over LG Chem was lacking in Georgia. In fact, the plaintiffs suggested that the district court should transfer each case to the plaintiffs' home district. But if the district court was

inclined to reconsider its jurisdictional analysis, the plaintiffs offered a new theory—they suggested that the district court's jurisdiction over foreign parties was broader than that of a Georgia court. Instead of focusing on LG Chem's contacts with Georgia, the plaintiffs asked the district court to assert personal jurisdiction over LG Chem based on its contacts with the United States as a whole. The district court denied the plaintiffs' motion to transfer and dismissed their claims, concluding that personal jurisdiction was lacking under Georgia's long-arm statute, O.C.G.A. § 9-10-91. These appeals followed.

## II.

We review *de novo* a district court's decision to dismiss a complaint for lack of personal jurisdiction. *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018) (citing *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203 (11th Cir. 2015)). When a party makes only a passing reference or fails to offer argument on an issue, the issue is abandoned. *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1145 (11th Cir. 2010); *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

## III.

As an initial matter, the plaintiffs have abandoned any challenge to the district court's denial of their motion to transfer. Although the plaintiffs mention the motion in the background sections of their opening brief, they offer no argument relevant to that

issue. For that reason, we do not address whether the district court properly denied the plaintiffs' motion to transfer.

On the personal jurisdiction issue, the plaintiffs contend that the district court improperly focused on LG Chem's contacts with Georgia, rather than its contacts with the United States as a whole. In their view, personal jurisdiction over a foreign corporation not subject to jurisdiction in any state nonetheless exists in any federal court so long as the action arises out of the corporation's "systematic and continuous business in the United States." This is so, the plaintiffs argue, because a federal court's power over parties is limited by the Fifth rather than the Fourteenth Amendment's Due Process guarantee.

Personal jurisdiction starts with service of process. *See U.S. S.E.C. v. Carrillo, 115 F.3d 1540, 1543 (11th Cir. 1997)*. Under Rule 4(k)(1) of the Federal Rules of Civil Procedure, service of process "establishes personal jurisdiction" over a party if, for example, the person is subject to the long-arm statute of the state in which the court sits or if service is authorized by federal statute. FED. R. CIV. P. 4(k)(1)(A), (C). Under Rule 4(k)(2), service of process can establish personal jurisdiction over a defendant that "is not subject to jurisdiction in any state[]," but only "[f]or a claim that arises under federal law." *Id.* at 4(k)(2). Service under this latter provision "does not establish personal jurisdiction if the only claims are those arising under state law[,] . . . even though there might be diversity or alienage subject matter jurisdiction as to such claims." Advisory Committee Notes to the 1993 Amendments to Rule 4.

Even when a party is properly served, a court's exercise of personal jurisdiction must also comport with due process. The fundamental constitutional question is whether the party has sufficient contacts with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation omitted). When personal jurisdiction is premised on the forum state's long-arm statute, the relevant due process concerns emanate from the Fourteenth Amendment, and courts consider the party's contacts with the forum state. *See Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257–58 (11th Cir. 2010). But where personal jurisdiction is established under federal law, the Fifth Amendment contains the relevant Due Process Clause, and we "generally . . . deem[] the applicable forum for minimum contacts purposes to be the United States." *Carrillo*, 115 F.3d at 1543; *see also* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1068.1 (4th ed. 2021) (noting that "courts faced with a case in which a federal statute authorized nationwide or worldwide service generally gravitated towards the . . . national contacts standard").

Here, the district court correctly held that LG Chem's lack of contacts with Georgia meant that it lacked personal jurisdiction. LG Chem was served under Rule 4(k)(1)(A), as "being subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." And "[f]or constitutional purposes, a federal court proceeding under Rule 4(k)(1)(A) must assess the

defendant's contacts with the forum state (rather than with the United States as a whole)." WRIGHT & MILLER, § 1069.

Neither Rule 4(k)(1)(C) nor Rule 4(k)(2) applies. LG Chem was not served pursuant to a federal statute that authorizes nationwide service of process. *See Carrillo*, 115 F.3d at 1543 ("Where process is served pursuant to a federal statute authorizing nationwide or worldwide service, . . . the relevant forum [is] the entire United States . . . ."); FED. R. CIV. P. 4(k)(1)(C). Instead, it was served under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, 20 U.S.T. 361 (Nov. 15, 1965). *See* FED. R. CIV. P. 4(f)(1). But the Convention does not authorize nationwide service—it is merely a mechanism for serving parties outside the United States in partnering countries. *See generally Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988). Accordingly, the Hague Convention does not give a district court personal jurisdiction over a party notwithstanding its lack of contacts with the forum state. *See DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280, 288 (3d Cir. 1981); *see also Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925, 934 (11th Cir. 2007) (weighing the foreign defendant's contacts with the forum state where service was accomplished *via* the Hague Convention).

Moreover, the plaintiffs are not asserting claims against LG Chem that arise under federal law. *See* FED. R. CIV. P. 4(k)(2). The district court had diversity jurisdiction over the plaintiffs' claims, all of which arose under Georgia law. *See* 28 U.S.C. § 1332(a). Thus,

even assuming LG Chem cannot be sued in any other state, Rule 4(k)(2) would not apply.

The plaintiffs suggest that "hints" in decisions of the Supreme Court point toward a different conclusion. They note that twice the Supreme Court has chosen not to answer whether a federal court "could, consistent with the Due Process Clause of the Fifth Amendment," exercise personal jurisdiction "over alien defendants based on the aggregate of *national* contacts, rather than on the contacts between the defendant and the State in which the federal court sits." *Asahi Metal Indus. Co. v. Superior Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 113 n.* (1987) (plurality opinion); *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 102 n.5 (1987). And they point out that the Supreme Court has "le[ft] open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court" as the Fourteenth Amendment imposes on state courts. *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty.*, 582 U.S. __,137 S. Ct. 1773, 1784 (2017).

These unresolved questions are irrelevant to this appeal. It is true that the Supreme Court has been careful not to conflate the due process requirements of the Fifth and Fourteenth Amendments. But, here, there is no question that the relevant amendment is the Fourteenth and the relevant forum is Georgia. Thus, we have no occasion to consider whether an analysis under the Fifth Amendment would lead to a different result.

12                    Opinion of the Court                    21-11814

## IV.

AFFIRMED.