[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13973

Non-Argument Calendar

_____

JIA XIN CHEN,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A098-501-629

_____

Before WILSON, TJOFLAT, and ANDERSON, Circuit Judges.

PER CURIAM:

Jia Chen seeks review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3).    He argues that he provided credible testimony regarding past persecution and that he established a well-founded fear of future persecution.  We deny his petition.

## I.

Chen, a native and citizen of China made three unsuccessful attempts to enter the United States in July, August, and September of 1988.  In October of 1999, Chen finally succeeded in entering the United States.  In March of 2006, he was served with a Notice to Appear ("NTA"), which charged him with being removable under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who had entered the United States without admission or parole.  Chen admitted the allegations contained in the NTA and conceded removability.

Chen filed an application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief in November 2006. He indicated he was seeking asylum and withholding of removal based on political opinion and membership in a particular social group.  Specifically, he claimed that he faced persecution based on his violation of China's family

planning policy and his support of Falun Gong.[1]  He asserted that if he were sent back to China, the "Chinese government would arrest [him] for sentence, detention, further persecution and punishment," and he "would lose [his] personal freedom."  In support of his application, Chen submitted a 2007 State Department report on Chinese asylum claims, an affidavit from a friend stating that Chen had been arrested in China due to his Falun Gong activity, an affidavit from his ex-wife stating that Chen had been beaten and detained by family planning officials in China, and an affidavit from an American friend stating she had seen Chen practicing Falun Gong in the United States.

The IJ denied Chen's application. The IJ first found that Chen's application for asylum was time-barred.  The IJ then found that Chen was not credible and concluded that Chen was an "economic opportunist" trying to find a place to work and earn money rather than a refugee. Although Chen testified that he feared persecution were he to return to China, the IJ noted that Chen had previously told U.S. and Italian immigration authorities that he had no fear of persecution were he to return to China; his friend's affidavit also failed to corroborate that Chen had been beaten for supporting Falun Gong like he claimed. The IJ concluded that it was more likely that Chen's Falun Gong claim was fabricated and noted that the Department of Homeland

---

[1] Falun Gong is a religious movement originating in the 1990s.

Security ("DHS") had submitted evidence to suggest that many Falun Gong claims are fabricated.

Chen timely appealed to the BIA. Chen argued that the IJ's adverse credibility finding was clearly erroneous as it was based on the belief that many claims pertaining to Falun Gong are fabricated; he also argued that the IJ's statement that Chen was an "economic opportunist" was inappropriate. The BIA affirmed the denial of asylum but reversed as to the IJ's adverse credibility finding, finding that it was clearly erroneous because it was based in "large part, on generalized information that since many Falun Gong claims are fabricated by smugglers, it is more likely than not this is also the situation in the present case." The BIA also found that the IJ erred in labeling Chen an "economic opportunist." The BIA remanded the case to the IJ to further assess Chen's application for withholding of removal and CAT protection.

On remand, DHS submitted Chen's sworn statement concerning his September 1998 attempt to enter the United States. In it, he stated that he was attempting to enter the United States to make money and stated he had no fear of returning to China. DHS also submitted the State Department's 2016 Religious Freedom Report for China, which indicated that there were a series of cases in which prosecutors declined to press charges against Falun Gong practitioners. Chen himself submitted the State Department's 2015 Religious Freedom Report for China, which indicated that Falun Gong members "did not report any incidents of discrimination" in

Hong Kong that year and regularly set up informational sites in public venues in Macau[2] without incident.

The IJ once again denied Chen's applications for withholding of removal and CAT protection. The IJ stated that his original adverse credibility determination was based on Chen's multiple attempts to enter the United States, during which he expressed no fear of returning to China, his ability to fly out of China under his own name, his denial of any fear of returning to China when questioned by Italian authorities, and his friend's failure to corroborate the beating Chen allegedly received for supporting Falun Gong.

Based on the additional evidence presented on remand, the IJ then found that (1) Chen had lied about where he worked and resided in the United States; (2) Chen's listed residencies on his asylum application did not correspond to the information provided in his written statement or his testimony before the court; (3) Chen offered inconsistent testimony regarding the timing of his alleged beating by Chinese family planning officials; (4) Chen's testimony concerning the persecution he experienced from practicing Falun Gong differed from his asylum statement; (5) Chen's testimony regarding his 1999 return to China differed from the facts included on his asylum application; and (6) Chen's testimony regarding his practice of Falun Gong was highly generalized. Accordingly, the IJ determined that Chen's claim that he would face persecution if

---

[2] Macau is a special administrative region of China.

21-13973          Opinion of the Court          6

returned to China was not credible. The IJ also denied Chen's claims for withholding of removal and CAT protection on the merits.[3]

Chen once again appealed to the BIA. The BIA summarily affirmed the results of the IJ's decision.

## II.

We may only review a final order of removal if the petitioner has exhausted all administrative remedies that were available as of right. INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). Thus, we lack jurisdiction to consider unexhausted issues and arguments that were not presented to the BIA. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 800 (11th Cir. 2016).

We review only the decision of the BIA, except to the extent that the BIA expressly adopted or explicitly agreed with the opinion of the IJ. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947–48 (11th Cir. 2010). Insofar as the BIA adopts the IJ's reasoning, we review the IJ's decision as well. *Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1230 (11th Cir. 2006).

---

[3] With respect to Chen's claim that he faced persecution on the basis of "other resistance" to China's family planning policy, the IJ found that Chen had not met his burden in demonstrating that his past harm rose to the level of persecution, nor had he expressed any fear of future persecution. With respect to Chen's claim that he would face persecution based on his practice of Falun Gong were he returned to China, the Court found that Chen could reasonably relocate within China to avoid harm.

21-13973                Opinion of the Court                7

We review credibility determinations under the substantial evidence test. *Chen*, 463 F.3d at 1230–31. The trier of fact must determine credibility, and we may not substitute our judgment for that of the BIA with respect to credibility findings. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 818 (11th Cir. 2004). While a credibility determination may not be based on speculation and conjecture, an IJ has broad discretion to assess an applicant's credibility, and the IJ need only provide specific and cogent reasons supporting an adverse credibility determination. *Xiu Ying Wu v. U.S. Att'y Gen.*, 712 F.3d 486, 493–94 (11th Cir. 2013). In fact, we will reverse the IJ's credibility findings "only if the evidence compels a reasonable fact finder to find otherwise." *Chen*, 463 F.3d at 1231 (quotation marks omitted).

## III.

Here, this Court lacks jurisdiction to review any challenge to most of the bases for the adverse credibility determination because Chen did not present such challenges to the BIA and therefore failed to exhaust them.[4] *Jeune*, 810 F.3d at 800. His challenge before the BIA was limited to a claim that

---

[4] Chen also never challenged the IJ's determination that he failed to timely file his asylum application. As such, that issue is not before the Court. Similarly, because Chen makes only passing references to the legal standard for CAT protection, he has not preserved the issue for review. *See Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1145 (11th Cir. 2010) (passing references to issues are insufficient to raise a claim for appeal).

21-13973                Opinion of the Court                8

The IJ incorrectly states that the BIA did not agree with his previous credibility determination "based on generalized information" of claims of Falun Gong being fabricated by smugglers. This is not true as the brief written by previous counsel discussed all the issues in the Judge's previous decision. The judge then re-lists all the previous reasons he found [Mr. Chen] incredible. For example, he again lists [Mr. Chen's] address issues and multiple attempts to enter the United States []. None of these factors have by the Judge were found to have merit by the Board.

However, on remand the IJ based his decision on "additional evidence concerning" "issues relating to [Chen's] credibility," including inconsistent testimony regarding the timing of his alleged beating by Chinese family planning officials and the persecution he experienced as a result of practicing Falun Gong. These unchallenged bases provided specific and cogent reasons for the adverse credibility determination and, thus, constituted substantial evidence for it. *See Xiu,* 712 F.3d at 493–94. We certainly cannot say that the evidence "compels" us to reverse the IJ's credibility finding. *Chen,* 463 F.3d at 1231. And although an IJ has a duty to consider other evidence produced by an asylum applicant, even when the applicant is found to be not credible, *Forgue v. U.S. Att'y Gen.,* 401 F.3d 1282, 1287 (11th Cir. 2005), "[a]n adverse credibility determination coupled with a lack of corroborating evidence for a

claim of persecution means that the applicant's claim fails." *Lyashchynska v. U.S. Att'y Gen.*, 676 F.3d 962, 967 (11th Cir. 2012). Chen has not pointed to any corroborating evidence indicating that he was subject to past persecution.[5] Accordingly, we deny his petition.

**PETITION DENIED.**

---

[5] We note that even if the IJ had found Chen credible, Chen failed to exhaust any challenge to the IJ's determination that it would be reasonable for him to relocate within China to avoid future harm. A non-citizen cannot demonstrate that his life or freedom would be threatened if the IJ finds that he could avoid a future threat to his life or freedom by relocating to another part of the proposed country of removal and, under all the circumstances, it would be reasonable to expect him to do so. 8 C.F.R. § 1208.16(b)(2).