[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10412

Non-Argument Calendar

_____

PABLO APAZA-ORE,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A088-075-416

_____

Before JORDAN, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Pablo Apaza-Ore, a native and citizen of Peru, filed a petition for review of the Board of Immigration Appeals' order affirming an immigration judge's denial of his motion to reopen. Mr. Apaza-Ore argues that the BIA should have reopened his immigration proceedings because the IJ violated due process by reaffirming a prior adverse credibility finding before holding a scheduled hearing on his case. Mr. Apaza-Ore argues that this deprived him of an opportunity to present additional evidence and arguments after the BIA had previously remanded the record for the IJ to issue an updated removal order. Because the IJ's actions were consistent with the BIA's remand order and Mr. Apaza-Ore had a full and fair opportunity to be heard, we affirm.

We review only the decision of the BIA, except to the extent that the BIA expressly adopts or agrees with the opinion of the IJ. See Ayala v. U.S. Att'y Gen., 605 F.3d 941, 947-48 (11th Cir. 2010). We review constitutional claims, including claims that the BIA's actions violated due process, de novo. See Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006).

An alien may move to reopen his removal order. See INA § 240(c)(7), 8 U.S.C. § 1229a(c)(7). Such a motion must "state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary

material." *See* INA § 240(c)(7)(B), 8 U.S.C. § 1229a(c)(7)(B).  A movant "bears a heavy burden, and must present evidence of such a nature that the BIA is satisfied that if proceedings before the IJ were reopened, with all attendant delays, the new evidence offered would likely change the result in the case."  *Ali*, 443 F.3d at 813 (quotation marks and brackets omitted).

The Fifth Amendment "entitles petitioners in removal proceedings to due process of the law."  *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1143 (11th Cir. 2010).  Due Process requires that "aliens be given notice and an opportunity to be heard in their removal proceedings."  *Id.*  Further, "[d]ue process is satisfied only by a full and fair hearing."  *Alhuay v. U.S. Att'y Gen.*, 661 F.3d 534, 548 (11th Cir. 2011) (citation omitted).

To establish a violation of due process, a petitioner must show that he "was deprived of liberty without due process of law," and that the error caused him substantial prejudice.  *See Lapaix*, 605 F.3d at 1143.  To show substantial prejudice, "an alien must demonstrate that, in the absence of the alleged violations, the outcome of the proceeding would have been different."  *Id.*

Here, the BIA did not err in dismissing Mr. Apaza-Ore's appeal of the denial of his motion to reopen.  We explain why below.[1]

---

[1] The BIA initially remanded Mr. Apaza-Ore's case in 2014, and the IJ did not issue the updated removal order until September 2017.  Mr. Apaza-Ore took no action during this 3-year period and, rather than appealing the updated removal order, filed the instant untimely motion to reopen.  Mr. Apaza-Ore

In its initial remand order, the BIA criticized the IJ's failure to provide an adequately reasoned analysis to support her adverse credibility determination. As such, the BIA remanded to the IJ to "re-evaluate the respondent's credibility and issue a new decision." The IJ did just that, issuing a written decision and order again finding that Mr. Apaza-Ore was not credible and therefore, concluding that he had failed to establish his eligibility for asylum, withholding of removal, or CAT relief.

Mr. Apaza-Ore appears to believe that, because the BIA remanded his proceedings, he should have had an opportunity to present additional evidence. But the BIA was not concerned with the adequacy of Mr. Apaza-Ore's presentation of evidence. It was concerned with the structure and adequacy of the IJ's explanation for the rejection of that evidence. Its remand order, declaring exactly what it wanted to see from the IJ's removal order—what factors and authority the IJ relied upon, citations to authority, and a "clear" assessment of the "totality of circumstances"—made that clear.

The BIA's remand order did not mention a new hearing or the introduction of new evidence. Mr. Apaza-Ore already had a removal hearing where he testified and presented evidence, and an appeal to the BIA. This was a full and fair opportunity for him to

---

blamed the untimeliness on his prior counsel. To avoid prejudicing Mr. Apaza-Ore, the IJ administratively returned the record to the BIA, which cured the untimeliness and provided him with an opportunity to appeal. On appeal to the BIA, he did not challenge this administrative action.

22-10412                Opinion of the Court                5

be heard on his application for relief, *see Lapaix*, 605 F.3d at 1143, and he was not entitled to another opportunity simply because the BIA remanded his proceedings for a limited purpose.

Mr. Apaza-Ore argues that the IJ on remand scheduled a master calendar hearing, where he could have presented additional argument and evidence had the IJ not issued the second removal order. But a master calendar hearing is not an evidentiary hearing. In immigration proceedings, master calendar hearings are held to resolve administrative issues such as advising a respondent of certain rights, explaining immigration court procedures, and scheduling further adjudicative hearings. *See* Immigr. Ct. Prac. Manual, ch. 4.15(a), (e). Accordingly, the IJ's issuance of the updated removal order before the master calendar hearing was to occur did not deprive Mr. Apaza-Ore of an opportunity to present new evidence or argument.

Moreover, Mr. Apaza-Ore does not challenge on appeal the BIA's determination that, even if he suffered a due process violation, he could not show prejudice. *See Lapaix*, 605 F.3d at 1143. Consequently, he has abandoned any such argument. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). This alone is reason to deny his petition.

In any event, Mr. Apaza-Ore failed to show that any purported due process violation substantially prejudiced him. The IJ's adverse credibility finding was based on insufficient detail and inconsistent testimony regarding Mr. Apaza-Ore's religious missions in Peru and the resulting attacks he suffered. The additional

evidence he provided with his motion to reopen, however, did not address the bases of the IJ's adverse credibility finding.  Nor did his updated asylum application.  Though he indicated in his brief to the BIA that he intended to submit additional evidence beyond what was attached to his motion to reopen, he did not identify that evidence or explain how it "would likely [have] change[d] the result in the case."  *See Ali*, 443 F.3d at 813.  Accordingly, he did not show that, but for the alleged due process violation, the outcome of his proceedings would have been different.  *See Lapaix*, 605 F.3d at 1143.

The BIA did not err in denying Mr. Apaza-Ore's motion to reopen.  There was no due process violation and, even if there was, there is no showing of prejudice.  The petition for review is denied.

**PETITION DENIED.**