[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11860

Non-Argument Calendar

_____

ESTEFANY SARAHI CALIX-PADILLA,
ESTEFANY ANAHI DIAZ-CALIX,

                                        Petitioners,

*versus*

U.S. ATTORNEY GENERAL,

                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A209-419-651

_____

Before NEWSOM, GRANT, and KIDD, Circuit Judges.

PER CURIAM:

Estefany Sarahi Calix-Padilla, proceeding on behalf of herself and her minor daughter, filed a petition requesting that we review the order of the Board of Immigration Appeals that affirmed the denial of her applications for asylum and withholding of removal. After careful review, we deny her petition.

## I. BACKGROUND

Calix-Padilla is a native and citizen of Honduras who entered the United States in September 2016 with her then-one-year-old daughter. The Department of Homeland Security issued notices to appear, charging both Calix-Padilla and her daughter as being removable because they were noncitizens who were present in the United States without having been admitted or paroled, pursuant to the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i). Calix-Padilla and her daughter, through counsel, both conceded removability. Thereafter, Calix-Padilla applied for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), designating her daughter as a derivative beneficiary of the requested relief.

In October 2019, an immigration judge held a hearing to address Calix-Padilla's applications. Calix-Padilla testified that, three years prior, she was walking home with her daughter when two men approached her on a motorcycle, held her at gunpoint, and

demanded that she hand over her child. Before the kidnapping could be completed, however, an approaching car startled the men, and they fled the scene. A witness drove Calix-Padilla to the police station, where she filed a formal complaint, but the witness, out of fear, refused to provide an official statement to law enforcement. After the kidnapping attempt, Calix-Padilla returned home, but, a month later, she relocated to another village in Honduras to live with her grandmother. There, she continued to feel threatened, so she traveled to the United States. Calix-Padilla later learned through her grandmother that her cousin, who was affiliated with a gang, believed his "enemies" attempted to kidnap her daughter to exact revenge against him.

Following the hearing, the immigration judge issued an oral decision denying Calix-Padilla's requests for relief. Setting aside concerns over Calix-Padilla's credibility and lack of corroborating evidence, the immigration judge concluded that Calix-Padilla failed to establish that she was a victim of past persecution or held a well-founded fear of future persecution if she returned to Honduras. The immigration judge first found that, under *Matter of L-E-A-*, 27 I. & N. Dec. 581 (A.G. 2019), *vacated*, 28 I. & N. Dec. 304 (A.G. 2021), having close familial ties to a gang member "may not constitute a valid particular social group." The immigration judge then explained he could not find that Calix-Padilla was unable to safely relocate within Honduras because she had moved villages and remained in Honduras for a month following the kidnapping attempt without further incident. Additionally, the immigration judge found that Calix-Padilla "failed to establish that the authorities in

Honduras would be unwilling or unable to protect her," since the police accepted Calix-Padilla's formal complaint about the kidnapping attempt, and the evidence presented did not indicate that gangs acted within the country without criminal consequences. The immigration judge concluded that Calix-Padilla failed to meet her burden to prove eligibility for asylum or withholding of removal. The immigration judge likewise concluded that Calix-Padilla did not present sufficient evidence to demonstrate eligibility for CAT relief.

Calix-Padilla timely appealed the immigration judge's decision to the Board of Immigration Appeals ("BIA"). In her counseled brief, Calix-Padilla argued that the immigration court lacked jurisdiction because the notice to appear was deficient, and the immigration judge violated her due process rights by relying on a previously vacated case, *Matter of L-E-A-*, in determining that she did not qualify as a member of a particular social group. She further challenged an alleged adverse credibility finding and the determination that she could reasonably relocate within Honduras. Notably, Calix-Padilla did not specifically address the immigration judge's determination that she failed to show that the Honduran government was unwilling or unable to protect her against feared gang violence in either her notice of appeal or brief to the BIA.

The BIA dismissed Calix-Padilla's appeal. The BIA first noted that Calix-Padilla did not challenge the immigration judge's denial of CAT relief and considered that issue waived. The BIA next concluded that Calix-Padilla's jurisdiction argument was foreclosed

by Circuit and BIA precedent, and the fact that she previously conceded removability, as charged in the notice to appear. The BIA further explained that the immigration judge did not make an explicit credibility finding, so it assumed she was credible and declined to consider on appeal any argument regarding her credibility.

Turning to the remaining claims, the BIA explained that the immigration judge determined that Calix-Padilla "did not establish that the government of Honduras would be unable or unwilling to control the gang members she fears," and it followed this statement with a direct citation to the relevant passages of the immigration judge's decision, as well as several citations to supporting Circuit caselaw. The BIA next determined that Calix-Padilla failed to challenge the immigration judge's conclusion on this point, as well as the finding that she did not experience past persecution, and she therefore waived those issues on appeal. However, in reaching this conclusion, the BIA stated that Calix-Padilla "ha[d] not challenged the [i]mmigration [j]udge's finding that the Honduran government was or is unable or unwilling to protect" her.

The BIA concluded that the immigration judge's determination on this issue was dispositive of both Calix-Padilla's asylum and withholding of removal claims; as such, it declined to address her remaining arguments relating to membership in a particular social group and the impossibility of relocation within Honduras. The BIA also acknowledged that the immigration judge relied on vacated caselaw in reaching his decision, but rejected Calix-Padilla's

due process claim, explaining that because she "waived the dispositive finding that she did not establish the Honduran government was, or would be, unable or unwilling to protect her from the gang members she fears," reliance on *Matter of L-E-A-* did not change the outcome of her case, and thus, did not prejudice her.

Calix-Padilla timely petitioned for review of the BIA's decision.

## II. STANDARD OF REVIEW

We review only the decision of the BIA, except to the extent that the BIA expressly adopts the immigration judge's decision. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009). Issues not reached by the BIA are not properly before us. *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016).

A claim that the BIA "did not offer reasoned consideration" to claims raised on appeal "is an allegation of legal error" we review *de novo*. *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 874 (11th Cir. 2018) (quotation marks omitted).

## III. DISCUSSION

To be eligible for asylum, Calix-Padilla must prove she is a "refugee," meaning she "is unable or unwilling to return to" her home country, or "is unable or unwilling to avail . . . herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A). To meet this

burden, Calix-Padilla must, "with specific and credible evidence, demonstrate (1) past persecution on account of a statutorily listed factor, or (2) a well-founded fear that the statutorily listed factor will cause future persecution." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006) (quotation marks omitted). "An applicant for asylum who alleges persecution by a private actor must prove that [her] home country is unable or unwilling to protect [her] . . . ." *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 950 (11th Cir. 2010).

As an initial matter, Calix-Padilla does not raise on appeal the BIA's denial of her withholding-of-removal claim or the BIA's determinations that she waived any challenges to the immigration judge's findings that she was ineligible for CAT relief, failed to establish past persecution, and had not demonstrated that Honduran authorities would be unwilling or unable to protect her. She likewise does not raise any challenge in her brief to the BIA's rejection of her jurisdiction and due process claims. As such, she has abandoned any contention the BIA erred in these respects. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

In her petition for review, Calix-Padilla concedes she did not challenge the immigration judge's dispositive finding, but asserts there was no reason to do so because the BIA's order indicated she successfully demonstrated that the Honduran government was unable or unwilling to protect her from future harm. She argues that the BIA either relied on an incorrect analysis of the immigration judge's findings or misstated the record, and thereby failed to give

her remaining claims on appeal reasoned consideration. Additionally, Calix-Padilla argues that her case should be remanded because the immigration judge relied on previously vacated caselaw, and she otherwise met her burden for asylum eligibility.

The BIA must give reasoned consideration to the issues presented to it on appeal, meaning that its decision must show that it has "considered the issues raised and announced its decision in terms sufficient to enable [us] to perceive that it has heard and thought and not merely reacted." *Jathursan v. U.S. Att'y Gen.*, 17 F.4th 1365, 1372 (11th Cir. 2021) (quotation marks omitted). In *Jathursan*, we held the BIA failed to give reasoned consideration to the petitioner's asylum and CAT claims by misstating aspects of the petitioner's record evidence in its analysis, effectively engaging in *de novo* review of factual findings. *Id.* at 1373–77, 1374 n.6. For the petitioner's asylum claim, the BIA misstated the record to reflect that the immigration judge made a factual finding on the petitioner's status as a member of a particular social group, when no such finding had been made. *Id.* at 1373–74. When reviewing the petitioner's CAT claim, the BIA misstated the record by ignoring and mischaracterizing arguments and evidence presented by the petitioner on future torture. *Id.* at 1376. Accordingly, we remanded the claims to the BIA for want of reasoned consideration. *Id.* at 1375, 1377.

It is true that, in this case, the BIA misstated the immigration judge's dispositive finding at one point in its order. But unlike in *Jathursan*, this mischaracterization of the record amounts to a

scrivener's error. The BIA did not assert this error as the immigration judge's ultimate conclusion, and it correctly referenced the dispositive finding twice more within its order in conjunction with citations to the record and supporting caselaw. *See id.* at 1372–74.

The BIA also provided reasonable and supported explanations for its conclusion that Calix-Padilla waived any challenge to the immigration judge's dispositive finding. *See id.* at 1372; *see also Bing Quan Lin*, 881 F.3d at 874–75 (holding the BIA's analysis demonstrated reasonable consideration where it listed the basic facts, referenced the relevant authority, and accepted several grounds upon which the immigration judge denied the petitioner's requests for relief).

The BIA identified the relevant findings on the merits of Calix-Padilla's application for relief. It correctly determined, with citations to supporting caselaw, that the immigration judge's determination was dispositive, considering that Calix-Padilla alleged fear of future persecution by private gang members and thus had the burden of demonstrating that Honduran authorities were unwilling or unable to protect her if she were to return to her home country. *Ayala*, 605 F.3d at 950. The BIA then repeated this process to explain why Calix-Padilla waived any challenge to the immigration judge's dispositive finding. The BIA's conclusion on this issue was correct because neither Calix-Padilla's notice of appeal nor her brief to the BIA set forth any discrete arguments about, or even referenced, the immigration judge's finding relating to the Honduran government's ability to protect her from future harm. *See Lapaix v.*

*U.S. Att'y Gen.*, 605 F.3d 1138, 1145 (11th Cir. 2010) ("In order to avoid a waiver of appeal, the applicant's Notice of Appeal" to the BIA "or any attachments thereto must specifically identify the findings of fact, the conclusions of law, or both, that are being challenged."); *Sepulveda*, 401 F.3d at 1228 n.2.

The remaining arguments that Calix-Padilla properly presents for our review fail, as the BIA's decision dismissing her appeal does not display a lack of reasoned consideration. The BIA specifically responded to Calix-Padilla's challenges to the immigration court's jurisdiction, immigration judge's alleged adverse credibility determination, and the immigration judge's reliance on vacated caselaw. Further, in declining to consider Calix-Padilla's remaining appellate arguments, the BIA did not misstate the record, fail to explain a rejection of logical conclusions, or provide a justification that was unreasonable or unresponsive to any arguments in the record. *See Jathursan*, 17 F.4th at 1372.

As a result, it was unnecessary for the BIA to address the remaining arguments Calix-Padilla raised on appeal, including whether she proffered a cognizable particular social group or was able to reasonably relocate within Honduras to avoid future harm. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (stating courts and agencies generally need not make findings on issues if those findings are unnecessary to the results they reach); *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006) (explaining, where the agency "has given reasoned consideration to [a] petition, and made adequate findings, we will not require that it address specifically

24-11860                Opinion of the Court                11

each claim the petitioner made or each piece of evidence the petitioner presented" (quotation marks omitted)).

## V. CONCLUSION

For the reasons set forth above, we **DENY** the petition for review.