[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-13784

Non-Argument Calendar

————————————————

RICARDO BROOKS,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

————————————————

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A088-887-635

————————————————

Before ABUDU, KIDD, and BLACK, Circuit Judges.

PER CURIAM:

Ricardo Brooks, proceeding *pro se*, seeks review of the Board of Immigration Appeals' (BIA) final order dismissing his appeal of the Immigration Judge's (IJ) denial of his applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT).[1]  After review,[2] we dismiss the petition in part and deny it in part.

## I. DISCUSSION

*A.  Asylum*

Brooks asserts his conviction for aggravated assault with a deadly weapon does not constitute an aggravated felony, and therefore he is not precluded from asylum.  However, a court can only review a final order of removal if "the alien has exhausted all administrative remedies available to the alien as of right."  8 U.S.C. § 1252(d)(1).  The obligation to exhaust administrative remedies is a claim-processing rule, not a jurisdictional limitation.  *Santos-Zacaria v. Garland*, 598 U.S. 411, 416-19 (2023).  This Court has clarified

---

[1] We review "the BIA's decision except to the extent the BIA expressly adopts the IJ's opinion or reasoning." *Seck v. U.S. Att'y Gen.*, 663 F.3d 1356, 1364 (11th Cir. 2011).

[2] "We review questions of law *de novo*." *Edwards v. U.S. Att'y Gen.*, 97 F.4th 725, 734 (11th Cir. 2024).  We review the IJ's factual findings for substantial evidence.  *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005).

that 8 U.S.C. § 1252(d)(1), as a claim-processing rule, is generally applied where it has been asserted by a party. *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023).

While counseled before the BIA, Brooks failed to contest the IJ's conclusion that he committed an aggravated felony. And the Government has asserted that Brooks failed to raise any arguments relating to the IJ's conclusion that he committed an aggravated felony. Accordingly, to the extent that Brooks now seeks to challenge this determination, we reject his arguments as unexhausted before the BIA. *See id.*

Because he is precluded from contesting the finding he committed an aggravated felony in his petition for review as it is unexhausted, any claim he qualifies for asylum fails. 8 U.S.C. §§ 1158(b)(2)(A)(ii), (B)(i) (providing a noncitizen is ineligible for asylum if the Attorney General determines that he, "having been convicted by final judgment of a particularly serious crime, constitutes a danger to the community of the United States," and a noncitizen who has been convicted of an aggravated felony shall be considered to have been convicted of a particularly serious crime). Thus, we dismiss the portion of the petition relating to Brooks' asylum claim because Brooks' commission of an aggravated felony forecloses asylum relief.

B. *Withholding of Removal*

Brooks also contends the BIA's conclusion his offense was a particularly serious crime for the purposes of precluding withholding of removal was erroneous. Brooks exhausted this claim before

the BIA, and we are permitted to review the merits of the BIA's particularly serious crime determination because it constitutes a question of law. 8 U.S.C. § 1252(a)(2)(D); *see K.Y. v. U.S. Att'y Gen.*, 43 F.4th 1175, 1185-87 (11th Cir. 2022).

A noncitizen is ineligible for withholding of removal if the Attorney General determines that he, "having been convicted by a final judgment of a particularly serious crime is a danger to the community of the United States." 8 U.S.C. § 1231(b)(3)(B)(ii). A noncitizen who has been convicted of an aggravated felony for which they have been sentenced to an aggregate term of imprisonment of at least five years shall be considered to have committed a particularly serious crime. 8 U.S.C. § 1231(b)(3)(B)(iv). If the sentence for an aggravated felony is less than five years, the Attorney General can still determine the conviction was for a particularly serious crime. *Kemokai*, 83 F.4th at 895. In making that determination, the IJ is free to rely solely on the elements of the offense but may also "consider additional evidence and look to such factors as the nature of the conviction, the circumstances of the underlying facts of the conviction, and the type of sentence imposed." *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1143 (11th Cir. 2010) (quotation marks and alteration omitted).

As Brooks was sentenced to 16 months in prison for his conviction for aggravated assault with a deadly weapon, the IJ relied on the elements of the offense, the nature of the conviction, the underlying facts of the conviction, and the type of sentence imposed to conclude that Brooks' conviction was a particularly

serious crime. *See id.* According to the arrest affidavit, Brooks pointed a firearm at his girlfriend and threatened to kill her and her children. The IJ considered the elements of Brooks' crime, his mental health issues, his relationship with his girlfriend, and the arrest affidavit describing his offense conduct to conclude that Brooks was a danger to the community. 8 U.S.C. § 1231(b)(3)(B)(ii); *Kemokai*, 83 F.4th at 895; *Lapaix*, 605 F.3d at 1143. While Brooks argues in his petition for review that his conviction was not an aggravated felony and the IJ and the BIA erred by considering the elements of the crime and relying on "subservient" agency law, he fails to provide any support for his arguments. In fact, this Court's precedent expressly permits the IJ to rely on the factors he considered to determine if a prior conviction was a particularly serious crime. *See Lapaix*, 605 F.3d at 1143. Brooks' argument the BIA failed to apply the definition of "crime of violence" in 8 U.S.C. § 1101(a)(43)(F), also fails because both the IJ and the BIA considered how the definition of a "crime of violence" applied to his conviction.

The IJ did not err in determining that Brooks' prior conviction was a particularly serious crime, and the BIA did not err in deciding to affirm that determination. Accordingly, we deny his petition as it relates to his withholding of removal claim.

## C. CAT

Brooks asserts it is more likely than not that he would be tortured upon his return to Jamaica, and that sufficient state action would be involved in that torture. We retain jurisdiction to review

factual challenges to the denial of CAT claims, regardless of the criminal alien bar. *Nasrallah v. Barr*, 590 U.S. 573, 581 (2020).

An applicant seeking CAT relief must establish "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). All relevant evidence must be considered, including his ability to relocate to another part of the country and human rights violations within the country. *Id.* § 1208.16(c)(3). In this context, "torture" means:

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity.

*Id.* § 1208.18(a)(1).

Substantial evidence supports the determination that Brooks failed to establish he would be tortured if removed to Jamaica. The only argument Brooks offers in his petition relating to his CAT claim is a conclusory statement that he previously established that it was more likely than not he would be tortured if removed to

Jamaica. The record, considered as a whole, does not support his argument. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005) (stating under the highly deferential substantial evidence test, we must affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole"). First, neither the article that Brooks submitted, nor the country conditions report for Jamaica indicated that bisexual men would face torture with the consent or acquiescence of the Jamaican government. In fact, the report indicated that government relations with bisexual communities were improving. Next, nothing in Brooks' testimony supported the conclusion that he would face torture upon his removal to Jamaica. Brooks stated he feared he would be abused by his family members upon returning to Jamaica, but he did not claim that such abuse would rise to the level of torture or that the Jamaican government would consent to that abuse. Accordingly, when viewed in the light most favorable to the agency's decision, the evidence does not support the conclusion that Brooks would be tortured if removed to Jamaica. *See Forgue*, 401 F.3d at 1286; 8 C.F.R. § 1208.16(c)(2). We deny Brooks' petition as it relates to his CAT claim.

## II. CONCLUSION

Brooks failed to raise any arguments relating to the classification of his prior conviction as an aggravated felony before the BIA, and we dismiss his asylum claim as unexhausted. Further, the IJ and BIA did not err in concluding his prior conviction was a particularly serious crime for the purpose of withholding of removal. Finally, substantial evidence supported the BIA's decision that

8                    Opinion of the Court                    23-13784

Brooks failed to demonstrate eligibility for CAT protection.  Accordingly, we deny Brooks' petition as to his withholding of removal claim and his claim for CAT relief.

**PETITION DISMISSED IN PART, DENIED IN PART.**